W. L. MILLER ET AL V. MRS. MINNIE MILLER.

No. A-2775. Decided January 3, 1951.
Rehearing overruled February 7, 1951.
(235 S. W., 2d Series, 624.)

*Lewis Lanier,* of Jasper, for petitioners.

The Court of Civil Appeals erred in holding that Mrs. Miller

was not put to an election as to whether she would take under the will or under the law. Citing cases appearing in the opinion.

*Robert W. Hillin,* of Jasper, and *Minton & Minton,* of Hemphill, for respondents.

Mrs. Miller was not required to make an election. Rogers v. Trevathan, 67 Texas 406, 3 S. W. 569; Wooley v. Sullivan, 92 Texas 28, 45 S. W. 377; 44 Texas Jurisprudence 867.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

The question presented by this record is whether the trial court and Court of Civil Appeals correctly permitted the respondent, Mrs. Minnie Miller, who, as plaintiff, has sought an adjudication of property rights incident to the death of her husband, H. M. Miller, to take the portion given her by his will and at the same time to have the benefits of homestead, year's allowance and use of exempt personalty, not mentioned in the will but provided by Art. 16, Sec. 52 of the State Constitution and Chapters 16 and 17 of Title 54, Vernon's Tex. Civ. Stats. Ann.

The defendants below and petitioners here are the executors, who, with the other children of an earlier marriage of the testator, are also beneficiaries of the will.

The bulk of the property in question, including, as a principal item, the home place or farm of some 233 acres, was separately owned by the testator, but there was also a substantial amount of community estate of himself and respondent. Respondent was awarded her half of the community estate, in addition to the above-mentioned bequest and allowances, both of which latter are accordingly to come from the testator's half and from his separate property, except that the year's allowance of $1000 is in effect charged, to the extent of one half, against respondent's half of the community. We do not understand the petitioners to complain here of the judgment in so far as it adjudicates to respondent her half of the community, and respondent does not complain of any ruling below, despite certain modifications of the trial court judgment which the Court of Civil Appeals made unfavorably to her. For a more elaborate statement of the case, reference is made to the opinion below. 230 S. W. 2d 237.

The pertinent portion of the will reads:

"It is my will and desire that all of the property, both real and personal, I may die seized and possessed of, after the payment of all my just debts, together with all the expenses incident to the probating of this will shall pass to and vest in fee simple to my beloved wife, Mrs. Minnie Miller and my children, Mrs. R. B. Simmons, Mrs. J. J. Griffin, Mrs. J. A. Ipes, Mrs. Annie Mae Martin, W. L. Miller, B. D. Miller and H. M. Miller, Jr., share and share alike, and after the payment of all my just debts, I give, bequeath and devise to my beloved wife, Mrs. Minnie Miller and children, Mrs. R. B. Simmons, Mrs. J. J. Griffin, Mrs. J. A. Ipes, Mrs. Annie Mae Martin, W. L. Miller, B. D. Miller and H. M. Miller, Jr. share and share alike the remainder of all the property I may now own or be interested in at the time of my death, in fee simple, to manage, sell, or dispose of as they may wish or see proper."

There is nothing elsewhere in the will that in any way bears on the testator's intent with respect to the statutory exemptions, and obviously nothing in the portion quoted, that refers to them in express terms. We have therefore in brief a simple bequest to each of the eight beneficaries, including respondent, of a one-eighth undivided interest in "all property, both real and personal, I may die seized and possessed of."

A property description substantially the same as that in the above quoted language has been held under generally analogous circumstances to be the equivalent of "all property owned by me at my death" or " all my property." See Sailer v. Furche, Tex. Com. App., 22 S. W. 2d 2065, and cases therein cited at p. 1067.

The answer to the main question in this case depends upon whether or not the quoted provisions of the will of H. M. Miller required his wife, Mrs. Minnie Miller, to make an election between her statutory rights for the use and occupancy of the family homestead during her natural life, her right to take the statutory allowances and exempt property as against her right to take the property given to her under the terms of the will. The homestead of the family was upon the 233-acre tract of land belonging to the separate estate of H. M. Miller, deceased.

■ An election is required of a devisee or legatee under a will.

"Where the provisions of the will seek to impose a responsibility upon or curtail a property right of one who is named as a devisee or legatee, the latter is in the necessity of making an election, either to take the gift upon the conditions imposed by

the testator or to renounce the devise or bequest and preserve the rights which are required thereby to be surrendered. 'The principle of election is that he who accepts a benefit under a will must adopt the whole contents of the instrument so far as it concerns him, conforming to its provisions and renouncing every right inconsistent with it.'

"The Supreme Court announced the principle, as above stated, as early as 1859; and the rule has been consistently adhered to by the courts of the State." 44 Tex. Jur., Sec. 285, p. 863.

See also Philleo v. Holliday, et al, 24 Texas 38, 1c. 44-45; Dunn v. Vinyard (Com. App.), 251 S. W. 1043, 1c. 3-5; 1st col., p. 1046; Upson v. Fitzgerald (Com. App., 129 Texas 211, 103 S. W. 2d 147, 1c, 2nd col., p. 151 and top 1st col., p. 152.

In Dakan v. Dakan, 125 Texas 305, 83 S. W. 2d 620, 1c., top 1st col., p. 624, this Court said:

"In 69 C. J., Sec. 2330, pp. 1089, 1090, an election under a will is defined in the following language: 'Election is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases where there is a clear intention of the person from whom he derives one that he should not enjoy both, the principle being that one shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if legal and well founded, which would defeat or in any way prevent the full effect and operation of every part of the will. The principle underlying the doctrine of election is not statutory, but is purely equitable, and was originally derived from the civil law, although in some states there are statutes declaratory of, or applying, the equitable principle to particular cases. The doctrine of election is generally regarded as being founded on the intention of the testator.

"As early as 1859, the Supreme Court of this state, in the case of Philleo v. Holliday, et al, 24 Tex. 38, in discussing the doctrine of an election under a will, announced the following rule: 'The principle of election is, that he who accepts a benefit under a will, must adopt the whole contents of the instrument, so far as it concerns him, conforming to its provisions, and renouncing every right inconsistent with it; as where the wife claims something under the will which will disappoint the will.'

"The foregoing rule has been uniformly followed by the

courts of this state. See Smith v. Butler, 85 Tex. 126, 19 S. W. 1083."

The case of Lindsley v. Lindsley, 139 Texas 512, 163 S. W. 2d 633, involved the question as to whether or not a widow was put to an election between the homestead and statutory allowances given by law, and the property given her under the will. Commissioner Slatton for this Court discusses at length the nature and character of the homestead right and statutory allowances and says:

"A reading of the above-mentioned statutes and the decisions of this court, some of which have been quoted, show that the widow's homestead rights, claim to exempt personal property and widow's allowance for support, are in virtue of the laws of this state and cannot be taken away by testamentary disposition. Authorities cited above. In the Hall case (Hall v. Fields 81 Tex. 553, 17 S. W. 86) it is said: 'At common law the right of the wife to dower could not be defeated by the will of her husband, and, if she was provided for in the will in a manner inconsistent with her right of dower, she could elect whether she would take her dower, or surrender that right and take under the will as devisee.'

"In the early case of Carroll v. Carroll, 1858, 20 Tex. 731, loc. cit. 744, it is said: 'The estate of the widow, in dower at Common Law, is somewhat analagous to that of the wife, under our system, in the community gains; and the rule is well established, that the widow cannot be excluded from her dower, unless the intention to exclude her appears by express words or manifest implication from the terms of the will.'

"It is apparent in the present case that the will does not by 'express words' exclude the right sought to be enjoyed by the surviving widow with respect to the homestead and exempt personal property if the widow accepts the bequests given under the will. By this we mean the will does not in terms say that the bequests are to be accepted in lieu of the homestead and exempt personal property rights. Under the rule stated in the Carroll case we are left to determine whether the intention to exclude the surviving widow from the enjoyment of the rights asserted appears from the terms of the will by 'manifest implication.'

" 'In such cases it is not sufficient that the will may be construed as revealing such an intention. It is necessary that it be open to no other construction.' Avery v. Johnson, 108 Tex. 294, 192 S. W. 542, 544."

After pointing out the inconsistencies between the widow's rights under the law, and under the will, the Court says:

"The decedent presumably knew that he could not deprive the surviving widow of such rights, but he also knew that when he made testamentary disposition of a part of the exempt property (the library), fifty books and other bequests to the surviving widow and the remainder of the estate to others, that a clear case of election would be presented to the widow. In the case of Philleo v. Holliday, 24 Tex. 38, loc. cit. 45, it is said: 'The principle of election is, that he who accepts a benefit under a will, must adopt the whole contents of the instrument, so far as it concerns him; conforming to its provisions, and renouncing every right inconsistent with it; as where the wife claims something under the will which will disappoint the will.'

"It cannot be said that the surviving widow will not disappoint the will with respect to the remainder of the library if she is permitted to receive all of the exempt personalty, which would include the remainder of the library.

"We think the will contains other provisions which lead to the conclusion that the widow was put to an election. The entire estate was given to the independent executor and trustee. The widow was given the residence, 20 acres of land and other bequests as above mentioned. Other contingent bequests were given to the trustee, Porter Lindsley, and McKamy to the extent of 60 acres of land. After specific bequests the balance of the estate was given to Southern Methodist University. The trustee, by clause 5, '* * * is further expressly authorized and empowered to operate, rent, or lease said farm or any unsold part thereof until such time or times as my Trustee shall in his judgment finally dispose of all of said lands or deliver them to my residuary legatee.' Can it be said that the power of the trustee to operate, rent or lease the farm is not inconsistent with the use and occupancy of 200 acres thereof by the surviving widow? We think such language is clear and compelling, hence not open to any other construction than that the surviving widow was put to an election and, having elected to claim under the will, she cannot assert the rights with respect to the homestead and exempt personalty. Dakan v. Dakan, 125 Tex. 305, 83 S. W. 2d 620; Smith v. Butler, 85 Tex. 126, 19 S. W. 1083; Dunn v. Vinyard, Tex. Com. App., 251 S. W. 1043; Upson v. Fitzgerald, 129 Tex. 211, 103 S. W. 2d 147; Nelson v. Lyster, Tex. Civ. App., 74 S. W. 54."

■ Now let us examine our case to see if there are inconsisten-

cies between the rights of the widow under the law and what she is given under the will of her husband. Under the law she has a right to use and occupy 200 acres of the 233 acres of the separate property of testator as her homestead so long as she shall live, and without interference on the part of the heirs at law of the testator. Under the will she receives a fee simple title to an undivided one-eight of the whole 233 acres, and each of testator's seven children also receive a fee simple title to an undivided one-eighth of said land. A mere statement of these two rights show their inconsistency. Under the law the widow is entitled to all the exempt personal property to be used and disposed of by her as may be necessary for her support and maintenance. She will not have to account for any part of this allowance unless the estate, upon final settlement, should be solvent. Art. 3493 and 3494, Vernon's Ann. Civ. Stats., 1925. Under the will the widow and the seven children of testator each receive "after the payment of all my just debts * * *" an undivided one-eighth "share and share alike in the remainder of all property I may own or be interested in at the time of my death, in fee simple, to manage, sell, or dispose of as they may wish or see proper." Clearly, there is also an inconsistency here between the rights of the widow under the law and the terms of the will.

Therefore, it is beyond question that she is put to an election by this will to choose which property she will take—that given by law or that given by the will.

This conclusion means, of course, that the courts below erred in decreeing to respondent both her one-eighth under the will and also her statutory exemption rights. It does not mean that she had made her election between the two. Her suit, seeking an award of both, implies the contrary. See the Lindsley case, supra. The only proof concerning actual election is that, following probate of the will, she gave a power of attorney to the executors to sell part of the estate for purposes of division among the various beneficiaries, and that, within about six weeks she revoked this power, before the position of any other person had been changed by reliance upon it. The fact of making an election, including the necessary knowledge and intent on the part of the elector, is not lightly to be inferred. Dunn v. Vinyard, supra; Bumpass v. Johnson, Tex. Com. App., 285 S. W. 272. We do not consider the proof mentioned to be, by itself, any evidence of an election. The cause must therefore be remanded to the trial court in order that respondent may make her election.

■ As before indicated, we concur with the view below that respondent does not have to elect as between the will and her half of the community estate, but may, if she so desires, keep the latter and also take under the will, though if she should follow this full course, she will have elected not to enjoy the benefits of the exemption laws. Should she elect not to take under the will, she is, of course, entitled both to these latter benefits as well as her half of the community estate, though the year's allowance will be charged against the full community estate, and her half will accordingly bear its portion of such charge.

The judgments of both courts below are reversed, and the cause is remanded to the trial court for further proceeding not inconsistent with this opinion. The costs in this court and in the Court of Civil Appeals are taxed one-half against respondent and one-half against petitioners.

Opinion delivered January 3, 1951.

MR. JUSTICE GARWOOD, concurring.

My reason for this opinion is that the rule of decision below suggested was the basis of an opinion originally submitted by me in this case and rejected by the majority of the court. In such instances a separate statement of one's views is doubtless appropriate judicial procedure, though resulting in the same conclusion accepted by the majority that the will here required Mrs. Miller to elect between the benefits given her by the will and her right to enjoy the benefits of the homestead and other exemption laws. The majority accepts also, of course, the conclusion that Mrs. Miller has not yet made the election with which she is confronted.

The majority view is that: (a) for there to be a case for election in a situation like the present, the testator's intent to negative his wife's enjoyment of the statutory exemption rights must be so clear that the will admits of no other construction, just as in situations in which there is question of the husband's intent to dispose of his wife's half of the community, and (b) whenever a will disposes of the testator's separate property or his half of the community or both in the brief and general fashion exemplified here, such as, "I give all my property to my wife and children in equal shares", it is susceptible to no other construction than that the survivor is intended not to enjoy the statutory exemption rights. We have never before held either proposition (a) or (b) and I think we should not do so now.

As to proposition (a)—that we should in effect assume an intent of the testator that his surviving spouse is to take both under the will and by the exemption statutes—common experience certainly does not suggest such an assumption, and there is little basis for the supposed analogy between it and the presumption that a testator intends to dispose only of his own property. Obviously, in common experience, people do not usually intend to will property that belongs to others—even the half of the community estate belonging to their surviving spouses. If they do so intend, we naturally expect them to say so in such unmistakable terms that no other construction of the will is possible. Avery v. Johnson, 108 Texas 294, 192 S. W. 542. On the other hand, in a case like the present, in which the property in question undoubtedly belonged to the testator and is willed by him to his wife and others, is it common experience that he intends for the wife also to take what the exemption statutes afford? The latter case is clearly not one of whether a testator means to dispose of another's property, but of what he means when he disposes of his own property. True, whether he intends to negative the survivor's exemption rights is in a vague sense a question of disposing of another's property, but obviously these rights are far from being property of the survivor in the usual sense. The beneficiary of them could not herself pass them by will or assignment. We have said in Dakan v. Dakan, 125 Texas 305, 83 S. W. 2d 620, that the homestead right is not an "estate". It may be destroyed by mere abandonment. Is it not common experience when a testator leaves part of his property to his surviving spouse, he more often than not believes that he is arranging the full and only benefit she is to enjoy from his property and has no idea of her getting further benefits from that same property by way of the exemption laws? Is it not also common experience that the testator's actual provision for the surviving spouse in the will is usually of value at least equal to what the survivor would get under the exemption laws? So the natural presumption in such a case is just the contrary of that prevailing when there is question of the testator's intent to dispose of his wife's community half or of her separate estate. We naturally assume that the testator did mean to "dispose of" the survivor's exemption rights in the sense of negativing their application. If this is so, how can we indulge the same presumption in both cases? Surely it is no sound reason to do so simply in order to reduce the number of different rules of construction. I greatly doubt if we will "confuse the bar" by refusing to apply here a presumption that does not fit and applying a contrary one that does fit. The presumption which I think should apply here—that the testator intended to

"dispose of" or negative benefits under the exemption law—is somewhat analogous to the presumption that where there is a will, the testator did not intend for any part of his estate to pass by intestacy. See 44 Tex. Jur. 707 in the latter connection.

The presumption argued for is naturally not a conclusive one. It is simply a legitimate aid in ascertaining the testator's intent and may be rebutted by circumstances in the will which render a contrary intent more probable in point of fact.

Nor does proposition (b) of the majority view appear convincing in its assertion that the will here is subject to no other construction than that the testator intended to negative the widow's exemption rights. Certainly such a conclusion is far less clear in the instant case than it was in Lindsley v. Lindsley, 139 Texas 512, 163 S. W. 2d 633, which involved an elaborate will with bequests of specific property for particular purposes which were almost certainly inconsistent with the widow's enjoyment of rights in such property under the exemption laws. In the instant case the widow could have continued to enjoy possession of the homestead regardless of the fee simple ownership of it by herself and the testator's children. Such a situation is far from uncommon. As to the exempt personalty, the same is true. Her allowance would indeed entail giving her full ownership of some of the property or its sale proceeds, in which the will considered alone gives the children an undivided interest, but is the testator's intent here, without aid of a presumption, so clear that no other construction is even possible? I agree that the more probable construction is to negative the exemption rights, but if we say that the latter must be the only possible construction in order to pose an election, then I greatly doubt if an election is presented. It seems to me that we come nearer the truth when we say that on the basis of general experience, we presume this will intends to negative the exemption rights unless we can find something in it which affirmatively renders a contrary intent more probable, and that, this latter element being absent, the presumption prevails.

Doubtless there is no vast difference in practical effect between the above views and the majority opinion. The presumption for which I contend would probably result in forcing an election in most cases in which the will gives a benefit to the surviving spouse. The construction which the majority gives the instant will should have the same effect, and may well operate to force an election in most every case in which the will does

not expressly deal with the matter of exemption rights. But I believe my own analysis of the problem the more correct and have therefore recorded it.

Opinion delivered January 3, 1951.

Rehearing overruled February 7, 1951.