## OELKERS v. CLEMENS et al.

### No. 10155.

Court of Civil Appeals of Texas. Austin.

June 24, 1953.

Rehearing Denied July 15, 1953.

Fuchs & Riedel, New Braunfels, Louis Hamilton Lowe, Austin, by Louis Hamilton Lowe, Austin, for appellant.

R. A. Bartram, New Braunfels, for appellees Annie Ethel D'Albini, Wilifred McKee and Fred C. D'Albini, Jr.

A. V. Knight, San Antonio, for E. W. Clemens, Ind. Ex.

ARCHER, Chief Justice.

This is a suit for declaratory judgment. It was brought by E. W. Clemens in his official capacity as independent executor and trustee under the will of Marguerite Guenther Oelkers, deceased, against the appellant, Alfred H. Oelkers, the surviving husband of the deceased, and a legatee under her will, as well as against other devisees in the will who made common cause with the plaintiff. It had for its purpose the declaration of rights under the will. Appellant, Oelkers, filed a cross-action against the plaintiff and the other defendants. The other defendants filed a cross-action against appellant.

Trial was to the court without a jury and it resulted in a judgment in favor of the plaintiff against the appellant, declaring that he had elected not to take under the will of his deceased wife and, therefore, was not entitled to a five thousand dollar legacy provided for him in such will. The judgment was also against appellant on his cross-action, and against the other defendants on their cross-action against him.

The appeal is before this Court on three points and are:

"First Point

"The error of the Trial Court in overruling Appellant's Special Exception to Plaintiff's petition which was to the effect that the facts alleged did not invoke the doctrine of election to take or not to take under the Will.

"Second Point

"The error of the Trial Court in overruling Appellant's Motion for Judgment denying declaratory relief presented after Plaintiff had produced all his evidence and had rested, which Motion was based upon the proposition that there was no evidence upon which to ground a judgment declaring that Appellant had elected not to take under the Will.

"Third Point

"The error of the Trial Court in rendering judgment against Appellant upon insufficient evidence."

The prime question to be decided by this Court is: Was the doctrine of election to take or not to take under the will invoked?

Appellant Alfred H. Oelkers is the surviving husband of Marguerite Guenther Oelkers. They were married October 8, 1949, and the will of Mrs. Oelkers was made on that same day.

Mr. and Mrs. Oelkers moved into and occupied as their homestead the separate property of Mrs. Oelkers and made improvements thereon, the expenses of which were paid for out of the separate funds of Mrs. Oelkers, and the parties continued to occupy the premises until the death of Mrs. Oelkers.

By the terms of Mrs. Oelkers' will she gave her husband the sum of $5,000 in cash.

Lot A in the City of New Braunfels, Texas (the property occupied by Mr. and Mrs. Oelkers) was bequeathed to Antonie Guenther for life, with remainder to Annie Ethel D'Albini.

By deed dated October 20, 1950, Mr. Oelkers conveyed his right, title and interest in Lot A to E. W. Clemens, independent executor of the will of Mrs. Oelkers. In exchange for this deed of conveyance the executor conveyed to Mr. Oelkers a part of Lots 128 and 135, Block 1010, New Braunfels, Texas, which was also the separate property of the deceased Mrs. Oelkers. This deed was accepted by Mr. Oelkers and mutual releases of implied liens were exchanged.

Mr. Oelkers moved from the premises designated Lot A in which he had only a life estate or homestead right, and took possession of the property designated as a part of Lots 128 and 135, absolute fee title to which had been conveyed to him.

The question arose as to appellant's right to retain his title to the real property and at the same time claim the right to receive the money bequest.

█ We believe that there is an inconsistency between the will and the statutory homestead right and that appellant was put to an election to assert his homestead right or to renounce the same and take the cash bequest under the will.

█ Since the appellant conveyed his right, title and interest in the homestead property to the estate and accepted a fee title to other property belonging to the estate, that he has elected to take the property conveyed to him and renounced the claim to the cash bequest under the will, and that the will of testator evidenced a clear intention that appellant could not enjoy both his homestead right and the bequest.

In Miller v. Miller, Tex.1951, 235 S.W. 2d 624, 628, the Court said:

"Now let us examine our case to see if there are inconsistencies between the rights of the widow under the law and what she is given under the will of her husband. Under the law she has a right to use and occupy 200 acres of the 233 acres of the separate property of testator as her homestead so long as she shall live, and without interference on the part of the heirs at law of the testator. Under the will she receives a fee simple title to an undivided one-eighth of the whole 233 acres, and each of testator's seven children also receive a fee simple title to an undivided one-eighth of said land. A mere statement of these two rights show their inconsistency. Under the law the widow is entitled to all the exempt personal property to be used and disposed of by her as may be necessary for her support and maintenance. She will not have to account for any part of this allowance unless the estate, upon final settlement, should be solvent. Arts. 3493 and 3494, Vernon's Ann.Civ. Stats. Under the will the widow and the seven children of testator each receive 'after the payment of all my just debts * * *' an undivided one-eighth 'share and share alike in the remainder of all the property I may own or be interested in at the time of my death, in fee simple, to manage, sell, or dispose of as they may wish or see proper.' Clearly there is also an inconsistency here between the rights of the widow under the law and the terms of the will.

"(3) Therefore, it is beyond question that she is put to an election by this will to choose which property she will take—that given by law or that given by the will."

Wicker v. Rowntree, Tex.Civ.App., 185 S.W.2d 150, writ ref., w. o. m., is a case in point, but since Miller v. Miller, supra, is later we do not deem it essential to cite or quote from other cases.

We believe that the trial court did not err in overruling appellant's motion for judgment denying declaratory relief presented after plaintiff had produced his evidence and had rested, such motion was based upon the proposition that there was no evidence upon which to ground a judgment that appellant had elected not to take under the will, and that the evidence sustains the judgment.

After the conclusion of the plaintiff's prima facie case, appellant moved for judgment on the ground that the evidence did not make out a case for election or show an election by him. This motion was overruled.

The plaintiff had offered in evidence a certified copy of the transcript of the proceeding in the County Court of Comal County, relating to the probate of the will of Mrs. Oelkers, containing a copy of the will, motion and various orders, including the order probating the will.

The deed from appellant conveying Lot A to the executor, the deed from the executor conveying the Stein Court property to appellant, and the releases of implied liens on the respective properties between appellant and the executor.

A deed from Antonie Guenther to Marguerite Guenther conveying an undivided interest in Lot A, dated October 6, 1944, and a stipulation that Lot A was the separate property of Mrs. Oelkers at the time of her death, and that the Stein Court property was the separate property of the deceased, the stipulations being subject to the right of appellant to prove that he had a community interest therein, and a stipulation that a portion of Lot A was the homestead of appellant and his deceased wife at the time of her death, and that she died September 11, 1950.

Certain improvements were made to the home; the materials and labor were paid for by Mrs. Oelkers, the appellant supervised and personally worked on it.

After Mrs. Oelkers' death appellant discussed with the executor the proposition of being conveyed the Stein Court property in fee, and the executor agreed to take a conveyance of appellant's right and title to Lot A property and convey to him the Stein Court property and these deeds were executed and accepted and appellant took possession of the Stein Court property.

The appellant offered no proof of any right or interest in Lot A or the Stein Court property other than that the Lot A was the homestead and that he, during the marriage, improved the properties by supervision and working on the improvements.

No interest or right in either of the properties was pleaded, community or otherwise, and no point is raised concerning any community interest by reason of his work or services.

Appellant pleaded and testified that through mutual mistake the deed conveying to him the Stein Court failed to recite the true consideration; that the true consideration was the exchange of the properties and the payment to appellant of an additional amount of $9,440.63, which amount was made up of the bequest of $5,000 given by the will, the cost price of Southern Pacific Railway stock given him as a present, $4,305.63 and expenses advanced by him to his wife's aunt, Antonie Guenther, amounting to $135; that the executor agreed to pay him these amounts as a part of the consideration for exchanging the properties.

The executor testified that there was no such agreement and no consideration about it, and that any such claims did not enter into the negotiations, and that the sole basis of exchange was the one property for the other.

A Mr. Spencer and Miss King, both of whom were employed in the law offices of which the executor was a partner, testified that at no time when they were present

were there any conversations or agreements had or made that appellant, in addition to the Stein Court property, would also receive the bequest of $5,000, the sum of $4,305.63 for the stock, and the sum of $135 advanced.

The trial court found against appellant on his cross-action for $9,440.63, and adjudged that he had elected to take his statutory rights in the homestead property and the use of the household goods, and accordingly had renounced to take under the will.

We believe that the evidence that had been introduced by the plaintiff at the time the motion was made presented a prima facie case and was sufficient to sustain the judgment of the court for plaintiff, both on the necessity for and the fact of an election.

The only right appellant had in the property was that of homestead only, and such is presumed to have continued and was the only right appellant had to deal with. 22 Tex.Jur., Sec. 249, p. 359; Wilder & Co. v. McConnell, 91 Tex. 600, 45 S.W. 145.

The appellant itemized his claim and testified that he was to receive the Stein Court property and $9,440.63, not as a community claim against Lot A, but as composed of a gift of the railway stock, the legacy of $5,000 and advances of $135 to his wife's aunt, and therefore was asserting no claim for improvements or by way of community interest in Lot A when he made the exchange but that he was due an additional consideration in no way connected with the homestead. Miller v. Miller, supra.

The trial court found that appellant had elected. The record establishes that appellant exchanged his homestead right for other separate property of the deceased, and has kept and used it since October 20, 1950, and we believe correctly.

The executor offered, with the approval of the court, to accept a reconveyance of the property deeded to appellant and offered him an opportunity to take the $5,000 bequest and appellant declined this offer and insists on his right to keep the property with additional claims against the estate.

Fairbanks v. McAllen, Tex.Civ.App., 170 S.W.2d 581 (error ref.).

While there is no statutory requirement as to the time in which an election must be made, we believe that under the circumstances here that sufficient time has elapsed, as the estate is ready for closing. Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328.

The judgment of the trial court is affirmed.

Affirmed.