

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 10, 1968

Hon. J. C. Dingwall
State Highway Engineer
Texas Highway Department
Main Office Building
11th and Brazos
Austin, Texas 78701

Opinion No. M-312

Re:  Whether the Texas Highway
Department can legally
contract with an adjoin-
ing State for participation
in the cost of a joint con-
struction projection and
reimburse the adjoining
State for services per-
formed on that portion of
the project located in
Texas.

Dear Mr. Dingwall:

You have requested an opinion on the above-referenced
matter and have outlined the following pertinent facts relative
thereto:

(a)  The section of U. S. Highway 59 and 71
involved is situated half in Texas and half in
Arkansas.

(b)  It is in the public interest for the
State Highway Department of Texas and Arkansas
to cooperate in the planning and contracting of
construction for the widening and improving of
this highway, provided that each State Highway
Department is responsible only for that portion
of the work in its respective State.

(c)  You desire to enter into an agreement
under which the personnel of the Arkansas State
Highway Department will be used for the prelimi-
nary engineering of the project and for construction

- 1520 -

engineering and with a provision for reimbursement to the State of Arkansas from the Texas Highway Department Fund for that portion of the cost of the above engineering work performed on the part of the project in Texas.

(d)   Each State under the proposed agreement is to separately approve the contract bids received and separately approve the award of a contract.

Your request calls for an opinion concerning three separate questions which are stated, followed by our answers.

### Question No. 1

Is the Texas Highway Department empowered to contract with the Arkansas State Highway Department?

We observe at the outset there is no specific statutory authority confirming such a right on the Highway Department. Although we answer this question in the negative, the Texas Highway Department does have the authority to negotiate an agreement which may become a binding contract upon approval by the Governor of Texas.   Article IV, Section 10, of the Constitution of Texas provides:

"He [the Governor] shall cause the laws to be faithfully executed and shall conduct, in person, or in such manner as shall be prescribed by law, all intercourse and business of the State with other States and with the United States."

The "Interpretive Commentary" under this Article in Vernon's Texas Constitution reads, in part, at page 795, as follows:

"As the chief executive officer of the state, Section 10 also makes the governor the channel of intercourse and business between the State and other States, and the United States. . . ."

This article directs that the Governor, either in person, or in some manner prescribed by the Legislature, is vested with power to contract in the name of the State of Texas where the subject matter involves "intercourse and business of the State with other States and with the United States." The "in person" part of the quoted section is self-explanatory.

It has been held that, "in such manner as shall be prescribed by law" is a phrase which:

> " . . . grants power to the Legislature to enact laws or pass resolutions directing such agency as it may deem proper to negotiate and conduct the business of this state with another state, and its negotiations, agreements or contracts, when approved by the Governor, shall become the binding contract of this state."

Highway Commission of Texas v. Vaughn, 288 S.W. 875 at 879 (Tex. Civ.App. 1926, error refused).

In Highway Commission of Texas v. Vaughn, supra, it was held that Article IV, Section 10, of the Constitution of Texas, was not violated by a Legislative enactment which failed to mention the Governor, but authorized Wichita County and the Texas Highway Commission to work out an agreement with Oklahoma and the Federal Government concerning construction of a bridge across the Red River.  The Court observed, 288 S.W. at 879:

> "Why should the Legislature direct the Governor to perform an act which the Constitution has made his mandatory duty to perform?  The Governor is charged with the duty of executing all laws enacted by the Legislature in the manner required by the Constitution and laws of this State, and the failure of the Legislature to specifically direct that officer to execute a law does not vitiate the law."

In our opinion, Highway Commission of Texas v. Vaughn, supra, states the law in relation to the first question presented.

- 1522 -

It also provides a guide concerning the type endorsement desirable to make the agreement reached by the Texas Highway Commission a binding contract.  The contract in Vaughn was approved by the following endorsement:

"April 9, 1926

"Examined, ratified and confirmed
in all things as my act and deed as
Governor of the State of Texas insofar
as I am required and authorized by law
to make said contract.

"Mirian A. Ferguson
"Governor of Texas"

In Attorney General Opinion No. C-284 (1964), it was held that the Highway Department was authorized to use its funds to pay an agency of the United States for obtaining research data to design highway drainage structures.  It appears that the only question therein presented and considered was whether the appropriations bill authorized the expenditure of funds and the statutory authority to support the same.  The constitutional question of the requirement for the approval by the Governor of the contract was not passed upon by this office.

Question No. 2

May personnel of the Arkansas Highway
Department, under the facts stated, plan
and supervise construction of that part of
the highway located in Texas?

Our answer to this question must be in the affirmative, provided, however, that the Texas Highway Department maintains final authority over that part of the highway work being done in Texas.

The State Constitution provides (Article 16, Section 24) that the, "Legislature shall make provision for laying out and working public roads. . . ."  The Legislature may delegate this power as it sees fit.  Texas Highway Commission v. El Paso Bldg. & Const. Trades Council, 149 Tex. 547, 234 S.W.2d 857 (1951).

The provisions of the highway statutes of Texas create in the Texas Highway Commission, ". . . an agency in which are vested powers to formulate and execute plans and policies for the location, construction and maintenance of a comprehensive system of state highways and public roads." Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915 (1925).

The department of government headed by the Texas Highway Commission is specifically charged by Article 6667, Vernon's Civil Statutes, to, ". . . investigate and determine the methods of road construction best adopted to the different sections of the State. . . ."

Article 6674q-4, Vernon's Civil Statutes, provides:

"All further improvement of said State Highway System shall be made under the exclusive and direct control of the State Highway Department and with appropriations made by the Legislature out of the State Highway Fund. . . . In the development of the System of State Highways and the maintenance thereof, the State Highway Commission shall from funds available to the State Highway Department, provide:

"(a)  For the efficient maintenance of all highways comprising the State System."

The term "improvement" as used in Article 6674q-4 and defined in Article 6674a, Vernon's Civil Statutes, is, we believe, inclusive of the work described in your request for this opinion.

Article III, Section 56 of the Constitution of Texas, prohibits, with certain exception, enactment of special laws and contains this mandate:  "And in all other cases where a general law can be made applicable, no local or special law shall be enacted."

The Legislature has delegated exclusive and immediate control of the improvement of the State Highway System to the

Texas Highway Department, with the direction that there be efficient maintenance of the State System, Article 6674q-4.

It is our opinion that the scope of authority delegated to the Texas Highway Department is broad enough to allow the procedure outlined above for cooperation with the State of Arkansas; provided it is in the public interest, as you have determined that fact to be; provided it is in furtherance of efficient maintenance; and provided the Texas Highway Department retains final authority over that portion of the work done in Texas.

We do not believe the Texas Highway Department is authorized to negotiate an agreement whereby final determination of the construction requirements and specifications, right-of-way requirements, etc., of the entire project, are vested in any authority other than the Texas Highway Department, because such an agreement would be a relinquishment of the exclusive and direct control delegated specifically to the Texas Highway Department by Article 6674q-4.

## Question No. 3

May money from the Texas Highway Fund be used under the facts stated to reimburse the State of Arkansas for the portion of the work done in Texas?

We answer this question in the affirmative. The provisions of law cited above which authorize the Highway Department to use the procedure outlined impliedly authorize payment therefor. Article 6674q-4 specifically authorizes use of such moneys for the efficient maintenance of the Highway System.

## S U M M A R Y

A contractural agreement with the State of Arkansas may be negotiated by the Texas Highway Department for the approval of the Governor of Texas. Upon approval by the Governor, the agreement can become a binding contractural obligation of the State of Texas.

The Texas Highway Department may, in order to promote more efficient construction practices, further the public interest, and prevent waste of manpower, allow personnel of the Arkansas Highway Department to do preliminary engineering and construction engineering work on that portion of the road in Texas, provided final control and authority over that portion of the road in Texas rests in the Texas Highway Department.

Texas Highway Department funds may be used to reimburse Arkansas for that portion of the cost of such work applicable to the part of the road in Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by SAMUEL D. McDANIEL
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Thomas Mack
Larry Craddock
Louis Neumann
Jack Sparks

A. J. Carubbi, Jr.
Executive Assistant