**HEIRS of D. B. HUNSUCKER, Deceased
and J. M. Hunsucker, Deceased,
Appellants,**

**v.**

**Yancie Lee HUNSUCKER et al., Appellees.**

No. 4894.

Court of Civil Appeals of Texas,
Waco.

May 14, 1970.

Rehearing Denied June 18, 1970.

Moore & McCarty, Ennis, for appellants.

W. Murray Schueth, Robert H. Kroney, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants (heirs of D. B. Hunsucker by his first wife), from summary judgment decreeing plaintiffs (children of D. B. Hunsucker by his second wife), title to 81 acres of land, (identified in paragraphs Second and Third of D. B. Hunsucker's will).

Plaintiffs, children of D. B. Hunsucker and his second wife, C. C. Hunsucker, brought suit in trespass to try title to 81 acres (in addition to other land), against defendants Etha May Leonard (Spurgeon) and the heirs of Ed Anderson Hunsucker. (Etha May Leonard and Ed Anderson Hunsucker are children of D. B. Hunsucker and his first wife, J. M. Hunsucker).

D. B. Hunsucker and his first wife J. M. Hunsucker had three children, Etha May Leonard, Ed Anderson Hunsucker, and Lennie Hunsucker. J. M. Hunsucker and Lennie Hunsucker died intestate prior to 1904. During the marriage of D. B. Hunsucker and J. M. Hunsucker, they accumulated 173 acres of community property, which included the 81 acres here in controversy.

After 1904 D. B. Hunsucker married C. C. Hunsucker and had six children, who are the plaintiffs in this case.

On April 12, 1922 D. B. Hunsucker executed a will devising the two tracts of land comprising 81 acres, here in dispute, as follows:

"Second. I give, devise and bequeath to my daughter Etha May Leonard, the forty one acre tract of land located in Ellis County, Texas purchased by me from T. J. Cole by deed dated December 17, 1890 * * *. This bequest, however to my said daughter, Etha May Leonard, is made on condition that she take same in full settlement of her part of the community estate of myself and deceased wife, her mother, who was my first wife, and such other property as she would have inherited through me, and also through her deceased sister Lennie Hunsucker, it being the intent of this bequest to make a full settlement with the said Etha May Leonard for all the inheritance she now has, or would in the future have, through me or her deceased mother and her deceased sister.

"Third. I devise and bequeath to my son, Ed Anderson Hunsucker, the forty acre tract of land located in Ellis County, Texas, and purchased from C. C. Wilson and wife, by deed dated October 15th, 1890 * * *. This bequest to my said son is also made upon the condition that he accept same in full settlement of all the inheritance he now has through his deceased mother and his deceased sister, Lennis Hunsucker, and all he would have inherited through me.

"Fourth. In the event my said daughter Etha May Leonard, and my son, Ed Anderson Hunsucker, refuse to accept the devises and bequests made to them in the Second and Third Sections above written, and upon the conditions therein written, then it is my will that they take nothing by or through me, but shall receive only their inheritance through their deceased mother and deceased sister, ₀Lennie Hunsucker."

Paragraphs Fifth and Sixth devise the balance of testators estate to his second wife C. C. Hunsucker for life, and thereafter to plaintiffs.

Thereafter on August 22, 1922, D. B. Hunsucker and C. C. Hunsucker conveyed to Etha May Leonard the 41 acre tract described in paragraph Second of D. B. Hunsucker's will, and conveyed to Ed Anderson Hunsucker, the 40 acre tract, described in paragraph third of such will, in "consideration of partitioning and setting apart in severalty all the interest which the said (Etha May Leonard and Ed Anderson Hunsucker) have or may inherit from or under (his-her) deceased mother J. M. Hunsucker, and the further consideration of fully advancing and settling with the said (Etha May Leonard and Ed Anderson Hunsucker) for any inheritance of any kind whatsoever they might otherwise have in and to the estate of (their) father D. B. Hunsucker, upon his death, and the further consideration that the said (Etha May Leonard and Ed Anderson Hunsucker) hereby waives any claim whatsoever to inheritance through the said D. B. Hunsucker upon his death, and hereby conveys to all his other heirs all rights (they) might have in and to his estate upon his death, and the further consideration that the said (Etha May Leonard and Ed Anderson Hunsucker) by the acceptance hereof, conveys and releases and quitclaims unto the said D. B. Hunsucker all interest (they) have in any other property which (they) may have inherited or may be entitled to whether real or personal and wheresoever situate in the estate of (their) deceased mother, J. M. Hunsucker. On the further consideration that the said (Etha May Leonard and Ed Anderson Hunsucker) take the land hereinafter conveyed in full settlement of all interests inherited by (them) in the estate of (their) deceased sister, Lennie Hunsucker, and hereby relinquishing and quit claiming to the said D. B. Hunsucker all interests (they) may have in any other property belonging to the estate of the said Lennie Hunsucker. It being the intent of this instrument to fully settle with the said (Etha May Leonard and Ed Anderson Hunsucker) for all interests (they) now

have or may hereafter have in the estates of (their) deceased mother J. M. Hunsucker, and (their) deceased sister Lennie Hunsucker, and (their) father D. B. Hunsucker at his death * * *."

On the same date, August 22, 1922, Etha May Leonard and Ed Anderson Hunsucker, conveyed to D. B. Hunsucker all of their interest in all other property of D. B. Hunsucker, J. M. Hunsucker and Lennie Hunsucker, reciting as consideration the deeds to them of the 40 and 41 acre tracts, and that "each was made for partition purposes in order to set aside in severalty to the respective grantees therein all of the estate and interest each had in and to the estates of their deceased mother, J. M. Hunsucker, and their deceased sister, Lennie Hunsucker, and as an advancement and settlement of all interest that each of them might inherit through the said D. B. Hunsucker at his death * * *."

Thereafter on December 6, 1924 Ed Anderson Hunsucker conveyed his 40 acre tract to L. N. Jolly for $6000.; and Jolly on May 2, 1925 conveyed such tract to Roe Barnett for $6,500.; and Roe Barnett on September 19, 1927, conveyed such tract to D. B. Hunsucker for $6,600.

And on April 22, 1925 Etha May Leonard conveyed her 41 acre tract to Roe Barnett for $6220.95; and on August 19, 1927, Roe Barnett conveyed such tract to D. B. Hunsucker for $6765.

The 41 and 40 acres tracts were owned by D. B. Hunsucker at the time of his death in 1955. D. B. Hunsucker's will was probated on November 14, 1955 by the second wife.

Plaintiffs prayed for title and possession of the 81 acres.

Defendants filed a general denial and a plea of not guilty.

Plaintiffs moved for summary judgment for title and possession of the 81 acres on the basis of the pleadings and exhibits, which reflect the facts recited.

The trial court granted such motion, and entered judgment vesting title to the property in plaintiffs.

Defendants appeal on 2 points contending:

1) The trial court erred in granting plaintiffs motion for summary judgment and finding of ademption, or revocation of the devise to defendants, in the will.

2) The trial court erred in granting plaintiffs' motion for summary judgment because plaintiffs' unsworn pleadings and exhibits attached and unsworn motion for summary judgment did not entitle them to a judgment as a matter of law.

Defendants assert that this is a will construction case; that D. B. Hunsucker owned the 41 and 40 acres at the time of his death; that there is no ademption of the bequest, since D. B. Hunsucker did not give the property to defendants, but conveyed it to them as a voluntary partition of the estates of J. M. and Lennie Hunsucker; and that they should receive the 40 and 41 acre tracts.

D. B. Hunsucker's will clearly expresses his intention that Etha and Ed Anderson take nothing under his will, except the right to elect to voluntarily partition their interest in their deceased mother and sister's estate in return for the 40 and 41 acre tracts.

Thereafter on August 22, 1922 Etha and Ed and their father D. B., voluntarily partitioned their mother and sister's estate, and Etha and Ed were conveyed the 40 and 41 acres, thus receiving all that they would have received under the will.

Etha and Ed were devised the right to an election under their father's will to partition their interest in their deceased mother and sister's estate for the 41 and 40 acres. A right of election is a devise or a gift. Miller v. Miller, 149 Tex. 543, 235 S.W.2d 624. During the lifetime of their father, he conveyed to them the 41 and 40 acres, and they conveyed to their father all of their interest in their deceased

mother and sister's estate. The devises made by testator to Etha and Ed in paragraphs Second and Third of his will, were thus adeemed by satisfaction. Ademption by satisfaction is a principle which denies a legatee under a will, the right to receive the legacy, if the testator, after execution of the will, has made an inter vivos gift of the legacy to the legatee, with the intention that the gift shall constitute satisfaction of the legacy. Bailey Texas Practice Wills, Vol. 10, p. 369, Sec. 575.

Thus defendants (or those through whom they claim) having received from the testator during their lifetime, all that he devised them in his will, are precluded from receiving under the will, that which they have already received.

Defendants' points are overruled.

Affirmed.