Mary A. STUTTS, Appellant,

v.

Florine STOVALL et al., Appellees.

No. 15640.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 8, 1976.
Rehearing Denied Jan. 12, 1977.

Don McManus, James A. Rindfuss, San Antonio, for appellant.

Remy, Schiller & Bayern, San Antonio, for appellees.

KLINGEMAN, Justice.

This case involves a handwritten will of J. A. Stutts. Appellant, Mary A. Stutts, the surviving wife of J. A. Stutts, deceased, appeals from a judgment of the Probate Court of Bexar County decreeing: (a) that she was put to an election to take or not take under the will of J. A. Stutts; (b) that by making an election to take under such will she is precluded from recovering reimbursement for her interest in community funds used in improving the separate property of the testator, J. A. Stutts, and for her interest in community funds used in

paying on the separate debts and obligations of testator, J. A. Stutts; and (c) that she must refund the statutory widow's allowance paid to her.

The will of J. A. Stutts is wholly in his own handwriting, and the pertinent portion here involved reads as follows:

> I do hereby give to my wife (Mary A. Stutts) my property located 115–117 W Locust St and 127–129 East Norwood Court, San Antonio Texas—My Insurance, Aetna Life Insurance Co also Siemerling Lodge # 32, Son's of Herman and one Hundred thousand dollars out of Sale of my farm of 305 $^8/_{10}$ Acres in Bexar County, Texas—all cars and impliments Land to be sold and inheritance tax is paid and balance divided as follows
>
> [Here follows list of devisees who are nieces and nephews, and are the appellees herein.]

J. A. Stutts died on January 30, 1973, and his will was admitted to probate in Bexar County, Texas, and the Bexar County National Bank appointed Administrator with the Will Annexed. Shortly thereafter, the administrator made application for a widow's allowance under the applicable statutory provisions, and the Probate Court approved such application, and the administrator was authorized and directed to pay out of the funds of such estate the sum of $4,800.00 in monthly installments of $400.00 each. The cars, trucks, and farm implements were sold and the proceeds from this sale distributed to Mary A. Stutts. The 305.8-acre tract was sold under court order by the administrator for the sum of $250,-000.00 cash.

Appellant thereafter filed an action in the Probate Court seeking a reimbursement in the sum of $20,094.78 for her one-half interest in community funds allegedly used in paying indebtedness on the 305.8-acre tract and on the West Locust St. property and East Norwood Court property; and also the sum of $31,250.00 as reimbursement for her one-half interest in community funds used in improving the 305.8-acre tract. In her petition, she alleges, and it

appears undisputed, that at the time of appellant's marriage to J. A. Stutts in 1953, Mr. Stutts owned as his separate property the 305.8-acre tract, the property located on West Locust St., and the property located at East Norwood Court. She alleges that, during the marriage, improvements in the amount of $69,800.00 were made on the 305.8-acre tract, including four dwelling houses, barn, sheds, and other buildings; that all such improvements enhanced the value of the 305.8-acre tract by at least the sum of $62,500.00.

During the course of the trial, the trial court instructed appellant, which instruction is also contained in the judgment, that she could not take the bequests given her under the will of Mr. Stutts and at the same time make claims for reimbursement of one-half of the community funds of Mr. Stutts and herself that was used in improving his separate property; and for reimbursement of community funds that were used in paying the debts owed by Mr. Stutts on the 305.8-acre tract and the San Antonio property; and the widow's allowance. She was further instructed that she could not take under the will and also claim her statutory allowance and rights of reimbursement.

The judgment recites that appellant, after advising with her counsel, stated in open court she had elected to take the bequests given her under the will of J. A. Stutts rather than make her claim for reimbursements and claim for a statutory widow's allowance. The trial court overruled a plea in abatement filed by appellee and also held that appellant was entitled to the proceeds of the sale of the cars and farm implements.

By two points of error, appellant urges that the trial court erred (a) in ruling that appellant was put to an election to take the bequests given under the will or in lieu thereof to not take such bequests and make her claim for reimbursements hereinabove described; (b) in ruling that appellant was put to an election under the will to take the bequests under the will, or in lieu thereof to

not take such bequests and make her claim for widow's allowance.

By cross-points, appellees assert that the trial court erred (a) in overruling the plea in abatement filed by appellees; (b) in holding that appellant is entitled to receive the cars and farm implements.

Appellant's basic contentions with regard to election may be summarized as follows: (a) the will of J. A. Stutts did not attempt to dispose of any of her property, and that she was not presented with an election; (b) she may take what the will gives her and also have and receive her claim or charge for reimbursement, and her statutory widow's allowance.

Appellees assert that (a) appellant was put to an election as to whether to take the bequests under the will or to make her claim against the estate for such reimbursements and statutory allowances; (b) appellant had an equitable beneficial interest in 305.8-acres for improvements placed on the property with community funds; (c) Mr. Stutts' will disposed of property in which appellant had an equitable beneficial interest, and by virtue of our laws, appellant had certain legal rights or interests in the property and other statutory rights; (d) it was the clear intention of Mr. Stutts to dispose of appellant's equitable beneficial interests, rights, or claims in the 305.8-acre tract and give her in lieu thereof a sum of $100,-000.00; (e) having elected to take under the will and making such an election, appellant waived her rights for reimbursement for improvements and debt payments, and for the statutory widow's allowance.

## ELECTION

An election under a will has been defined as an obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases where there is a clear intention of the person from whom he derives one that he should not enjoy both, the principle being that one shall not take any beneficial interest under a will and at the same time set up any right

or claim of his own, even if legal and well founded, which would defeat or in any way prevent the full effect and operation of every part of the will. The principle underlying the doctrine of election is not statutory, but is purely equitable, and was originally derived from the civil law, although in some states there are statutes declaratory of, or applying, the equitable principle to particular cases. The doctrine of election is generally regarded as being founded on the intention of the testator. 69 C.J. § 2330, pp. 1089–1090. (Quoted with approval in *Dakan v. Dakan,* 125 Tex. 305, 83 S.W.2d 620, 624 (1935).)

Both sides cite and rely on *Dakan v. Dakan, supra.* This case has been frequently cited and followed in Texas cases. In *Dakan,* the decedent, G. W. Dakan, owned Lot No. 7, Block A–2, prior to his marriage, which property was his separate property. The Dakans owned other property and Lot No. 7 was not the homestead. Mrs. Dakan, the widow, had contributed out of her separate and community estate certain funds for improvements to said Lot No. 7. Mr. Dakan's will provided that the executor pay Mrs. Dakan the sum of $100.00 per month for and during her life and that Mrs. Dakan also have the free use of the homeplace. He willed and bequeathed Lot No. 7 to his four children, but provided that out of the rentals from a building on Lot No. 7 Mrs. Dakan be paid the aforesaid of $100.00 per month. Mrs. Dakan brought an action seeking reimbursement for the improvements made to Mr. Dakan's separate property.

The Court, in discussing the question of election, said:

Did G. W. Dakan undertake to will property not owned by him, and which required an election on the part of his wife to take under his will or renounce the will and demand her rights under the law?

In answering said question, the Court stated:

The testator used plain and unequivocal language when he said, 'I hereby give and bequeath Lot No. 7, Block A–2, situated in the town of Eastland, Texas, together with all improvements thereon situated, to my four children.' There can be no doubt that the testator intended, in the language used, to treat the lot and the improvements thereon as his own property, and clearly devised the entire property, regardless of any right or claim his wife might have therein.

The Court held that if Mrs. Dakan accepted under the will, she waived all claims for reimbursement for improvements placed on the lot.

Assuming, for the purpose of this opinion, that the amount appellant alleges in her petition which she is entitled to for reimbursement for community funds used in making improvements on separate property and paying on separate debts of the decedent ($69,800.00 for improvements and $40,189.56 for debts) is correct, it is seen that substantial improvements have been made out of the community funds on the 305.8-acre tract, and substantial amounts paid out of community funds on separate obligations of the testator. Under such circumstances, appellant would have had a valid legal claim for her share of community funds used for such purposes, whether you call it a claim for reimbursement, legal charge, equitable charge, or what.

Under the will, she received substantial benefits, including the sum of $100,000.00, two houses in San Antonio, cars, and farm implements.

An excellent discussion of the doctrine of election is found in *Miller v. Miller,* 149 Tex. 543, 235 S.W.2d 624 (1951). In *Miller,* the question before the Supreme Court was whether a widow could take the property given her by the testator's will and at the same time have the benefits of homestead, widow's allowance, and use of exempt personalty not mentioned in the will, but pro-

vided for by the State constitution and Texas statutes.[1]

Miller's will devised all of his property to his wife and seven children, share and share alike.

The Supreme Court stated that under the law the widow had a right to use and occupy 200 acres out of 233 acres, which was the separate property of testator, as her homestead so long as she lived, and that under the will, she received a fee simple title to an undivided ⅛ of the whole 233 acres, with each of the seven children each receiving a fee simple title to an undivided ⅛ of said land. The Court pointed out that under the applicable laws the widow was also entitled to all the exempt property to be used and disposed of by her for her support and maintenance, while under the will all property was devised to her and her seven children, share and share alike. The Court said that a mere statement of the two rights shows the inconsistency, and held that she was put to an election by the will to choose what property she would take, stating:

> Clearly, there is also an inconsistency here between the rights of the widow under the law and the terms of the will.

> Therefore, it is beyond question that she is put to an election by this will to choose which property she will take—that given by law or that given by the will.

See also Lindsley v. Lindsley, 139 Tex. 512, 163 S.W.2d 633 (1942).

■ It appears clear from the will that Stutts intended to devise the 305.8-acre tract to his nieces and nephews, irrespective of what right or claim his wife might have thereon. In compensation therefor, he gave her the sum of $100,000.00 and other property. The benefits given the wife in the will are inconsistent with the rights allowed by law. She was therefore put to an election of accepting or not accepting thereun-der. By accepting under the will she waived all claims for reimbursement for improvements placed on the 305.8-acre tract and for payment made on separate debts of decedent.[2]

The trial court correctly held that appellant was put to an election to take under the will or not to take under the will of J. A. Stutts, and that she could not take under the will, accept the bequests and benefits thereof, and also claim her right of reimbursement.

## WIDOW'S ALLOWANCE

Appellant also complains that the trial court erred in ordering her to refund the full amount of the widow's allowance previously paid to her. Appellees assert that we should not consider this point because appellant did not appeal from that portion of the judgment of the trial court that required the appellant to refund to the estate of the testator the full amount of the widow's allowance previously paid to her.

An examination of the judgment here under attack shows that appellant complains and excepts to other portions of the judgment not here involved, but that the judgment also contains this provision:

> To that portion of the ruling of the Court that if MARY A. STUTTS elects to take under the will, that she is precluded from taking the widow's allowance, both the BEXAR COUNTY NATIONAL BANK, Administrator with Will Annexed of the Estate of James A. Stutts, Deceased, and MARY A. STUTTS duly excepted and gave notice of appeal to the Fourth Court of Civil Appeals sitting in San Antonio, Texas.

We found no merit to appellees' contention in this regard and will consider such point.

The pertinent provisions of the Tex.Prob. Code Ann. (1956), here involved, may be summarized as follows:

---

1. This case was decided prior to the adoption of the Probate Code, but the applicable provisions of the then statutes, with regard to the widow's allowances, were basically similar to those in the Probate Code.

2. Appellant asserts that she is not only entitled to the $100,000.00 devised to her under the will, together with the other property advised to her, but is also entitled to a reimbursement in the sum of $51,344.78.

§ 286 provides that immediately after the inventory, appraisement, and lists of claims have been approved, the court shall fix a family allowance for the support of the widow and minor children of the deceased.

§ 287 provides that such allowance shall be of an amount sufficient to the maintenance of such widow and minor children for one year from the time of the death of testator or intestate and the allowance shall be fixed with regard to the facts or circumstances then existing and those anticipated to exist during the first year after death.

§ 288 provides that no such allowance shall be made for the widow when she has property adequate for her maintenance.

On April 25, 1973 the Court, under the applicable provisions of the Probate Code, authorized and directed the administrator to pay to appellant the sum of $4,800.00, finding in such order that the widow had no separate property, or property in her own right, adequate to her maintenance, and that such allowance should be fixed and ordered for her use and benefit. This was not an advancement, but an absolute grant of so much money.[3] No objection was made to such order and no appeal taken. The order directing that she refund to the administrator the full amount of the widow's allowance previously paid is found in the judgment dated February 27, 1976, almost three years after the court's order granting such widow's allowance. We find nothing in the Probate Code that authorizes this type of order.

**3.** In *Pace v. Eoff,* 48 S.W.2d 956 (Tex.Com.App. 1932, *opinion adopted*), the Court said: "So we conclude that the phrase 'separate property,' as used in article 3478 [now § 288 of the Probate Code], does not mean the surviving wife's interest in the community property of herself and deceased husband, so as to bar her from *the right* to an allowance for the first year's support out of the community estate of herself and husband, * * * * In other words, that which is allowed by the probate court for the support of the widow and minor children of the deceased is an absolute grant of so much money . . . and does not mean *an advancement.*"

**4.** "The trial court erred in overruling the plea in abatement filed by the Appellees. Mary A.

■ Under the record, the Court erred in ordering that the widow reimburse and return to the administrator the full amount of the widow's allowance previously paid.

### CROSS–POINTS

By one cross-point, appellees assert that the trial court erred in overruling the plea in abatement filed by appellee.[4] Appellees state in their brief that in the event this case is affirmed and the point that Mrs. Stutts was put to an election either to take under the will or to assert her claim for reimbursement are sustained, this cross-point becomes immaterial. We have heretofore held that Mrs. Stutts was put to an election either to take under the will or assert her claims for reimbursement and we will not, therefore, consider this cross-point.[5]

By another cross-point, appellees urge that the trial court erred in holding that appellant is entitled to the cars and farm implements.

■ It is to be recalled that the will involved is a handwritten will of the testator and is certainly not a work of art, and it is obvious there are grammatical and punctuational errors therein. We have concluded, however, from an examination of the entire will, that a reasonable construction of the will is that the car and farm implements were devised to appellant and the trial court did not err in so holding.

The judgment is reformed so as to eliminate therefrom that portion thereof that

Stutts, the Appellant, filed in the probate court an action to recover $20,094.78 and $31,250 without having first filed her claims with the Administrator With Will Annexed as required by Section 301 of the Probate Code. Such claims are for money damages as is provided for by Section 314 of the Probate Code. And for further reason, the Administrator With Will Annexed had neither accepted nor refused such claim prior to the time the action was instituted in the Probate Court."

**5.** In any event, *see Massie v. De Shields,* 62 S.W.2d 322 (Tex.Civ.App.—Dallas 1933, writ ref'd); 18 T.J.2d, Decedents' Estates § 400.

orders Mary A. Stutts to refund to the Bexar County National Bank, Administrator with the Will Annexed, the full amount of widow's allowance previously paid. In all other respects the judgment is affirmed. As so reformed the judgment is affirmed.

Costs of this appeal are taxed one-half against appellant and one-half against appellees.