### A. H. COOPER v. ANNIE E. PIERCE ET AL.

#### No. 2999.

1. **Allowance of One Year's Support from Estate.**— The fact that a minor receives wages for his personal services adequate to his support and appropriates them to that purpose, under permission from the parent, will not deprive him of the right to receive the allowance for one year's support out of the estate of his deceased father.

2. **Property Exempt from Forced Sale.**—The widow and children of a deceased husband are entitled to the property of the estate which is made by the law exempt from forced sale, without regard to its value.

3. **Same.**—In estimating the allowance to the widow and children in lieu of exempt property which is not found among the effects of an estate, it is not proper to deduct from the five hundred dollars which is by statute the limit of such allowance, the value of the articles of exempt property which are found and set aside.

4. **Same.**—The law library of a lawyer who before his death had permanently abandoned his profession can not be included in the exempt property of an estate.

APPEAL from Harrison.  Tried below before Hon. John L. Sheppard. The opinion states the case.

*A. Pope* and *M. R. Geer*, for appellant. — 1.  The exemption does not and did not exist from the time the intention to abandon his profession was formed in Pierce's mind.  Const. 1876, art. 16, sec. 15; Sayles' Rev. Stats., art. 2335.  City lots had to be used for homestead purposes, not merely as places of business.  Consts. 1845, 1865, 1868; Inge v. Cain, 65 Texas, 75; Iken v. Olenick, 42 Texas, 195; Pryor v. Stone, 19 Texas, 371.

The exemption of a place of business exists only so long as the business is carried on.  Shyrock v. Latimer, 57 Texas, 674.  Reasonable time given after cessation or change of business to look about for other uses to which property can be put.  Scheuber v. Ballow, 64 Texas, 166.  If death occurred while Pierce was using the law office and law library as his place of business as a practicing attorney to earn a livelihood for his family, the exemption exists and the property would pass to the widow and children.  Cleft v. Kaufman, 60 Texas, 64.

2. John L. Pierce had separate estate adequate to his maintenance for twelve months next after his father's death, and the act of his father in June, 1887, in manumitting or emancipating the son John L. Pierce, which fact was known to and not objected to by the mother Mrs. A. E. Pierce, released the father during life and his estate after his death from any liability for the support of the son; and the clause allowing him $360 is erroneous. Tyler on Inf., 2 ed., sec. 137; Lackman v. Wood, 27 Cal., 147; Campbell v. Campbell, 3 Stockt. N. J. Eq., 218; Galbrant v. Black, 4 Serg. & Rawle, 209; Morse v. Welton, 6 Conn., 547; Jenny v. Alden, 12 Mass., 375; Chilson v. Philips, 1 Vt., 41.

3. The court allowed $420 for exempt property not on hand, besides which sum the court set aside the two mules and wagon valued at $200, making in all $620. Now the administrator says the court erred therein and assigns the action of the court as error, because the mules and wagon being on hand and worth $200, the allowance is in excess by $200 of the statutory allowance. Sayles' Civ. Stats., art. 1965.

*T. P. Young,* for appellees. — 1. The law office and law library of a practicing lawyer who is the head of a family are exempt property, and as such should after the death of such lawyer be set apart by the County Court for the use and benefit of the widow and minor children. Rev. Stats., arts. 2335, 2336; Miller v. Menke, 56 Texas, 539; Cleft v. Kaufman, 60 Texas, 64.

2. If John T. Pierce, deceased, had changed his business from that of a lawyer to that of school teacher and used the law office as his school room, then the office would be exempt as his place of business, and the law books would be exempt as a "private library," and as such both should be set apart for the use of his widow and minor children.

3. Where a case has been tried before the judge without a jury his findings of fact are entitled to the same consideration as the verdict of a jury; and in case of conflicting testimony the same will not be reversed unless it is contrary to the clear preponderance of evidence. Railway v. Fossett, 66 Texas, 339.

4. The amount of an allowance for the year's support out of the estate of a decedent is, within the limits prescribed by the statute, a matter largely in the discretion of the county judge, and his judgment fixing the amount of such allowance will not be reversed unless it is clearly shown that there has been an abuse of such discretion. Rev. Stats., arts. 1984, 1985.

5. The father of a minor child can make no disposition of the custody of such child or the earnings of such child which will affect the rights of the mother of the child as to such custody and earnings after the death of the father. State v. Reuff, 29 W. Va., 751; S. C., 6 Am. Rep., 676, and note on p. 688.

HENRY, ASSOCIATE JUSTICE.—Mrs. Annie E. Pierce, surviving widow of John T. Pierce, applied to the County Court for an order setting apart to her and her two minor children, a son and a daughter, the exempt property belonging to the estate of herself and her deceased husband, and for allowances for a year's support, and in lieu of exempt property not existing in kind.

The administrator opposed the application. On appeal to the District Court the cause was tried by the judge, who filed his conclusions of fact, from which it substantially appears that the deceased was at the time of his death a practicing lawyer, owning as part of the community estate of himself and his surviving wife a law office and law library; that he died insolvent, leaving two minor children, a son and a daughter, who owned no property; that the surviving widow owned a separate estate of the value of several thousand dollars, including the residence in which the family lived at the time of the death of the husband; that the deceased occupied the law office up to the date of his death; that at the date of the death of the husband, in addition to the law office, residence, and library, he owned a pair of mules, a wagon, household and kitchen furniture, and implements of husbandry, but none of the other property exempted by law from forced sale; that it required forty dollars per month for the daughter, and thirty dollars per month for the son, for food, clothing, education, and other incidental expenses, for the twelve months next succeeding the death of their father.

The court's conclusions of law, in pursuance of which a decree was rendered, were as follows: That the following exempt property be set apart for the benefit of the widow and her minor children:

All household and kitchen furniture, and all implements of husbandry.

All the books belonging to the law and family libraries, and all portraits and pictures.

Two mules and a wagon and forty dollars for their rent, collected by the administrator.

The land on which the law office was situated, and the rent received for it by the administrator; that the widow was not entitled to any allowance for a year's support, and that four hundred and eighty dollars be allowed for year's support of the daughter, and three hundred and sixty dollars for that of the son, and that four hundred and twenty dollars be allowed the widow and children in lieu of exempt property not belonging to the estate.

From this decree the administrator prosecutes this appeal, and urges the following objections:

1. The court erred in finding as a fact that the deceased husband was a practicing lawyer at the time of his death, and in its conclusion of law that his law office and law library were exempt from forced sale.

2. The court erred in finding that the son did not have any separate

estate, because the evidence shows that he was manumitted by his father and was earning when his father died seventy-five dollars per month, all of which was his property, amounting to forty-five dollars per month more than was necessary for his support. (The evidence shows that before his death the father, by writing, released to his son all right to control him as well as all claim to wages earned by him.)

3. The allowance to the daughter was excessive.

4. The mules and wagon being of the value of two hundred and twenty dollars, the allowance of four hundred and twenty dollars in lieu of exempt property not on hand in kind was excessive.

The law makes it the duty of the court to set apart to the widow and minor children of the deceased, when they do not have property adequate to their maintenance in their own rights, sufficient for their support for one year from the time of death of the testator or intestate.

No allowance was made to the widow, because she owned separate property adequate to her maintenance. Neither the son nor daughter owning such property, an allowance was properly made to each of them, the amount of which, as fixed by the court, we can not say is unsupported by the evidence. The fact that the son was earning wages for his personal services and allowed to appropriate them to his own use did not deprive him of the right to demand and take the allowance that the law gave him out of his deceased father's estate.

The mules and wagon being on hand in kind were required to be turned over to the widow and children without regard to their value. The other descriptions of personal property, except one year's supply of provisions, not being found among the effects of the deceased, it was the duty of the court to make to the widow and children an allowance in lieu thereof not to exceed five hundred dollars. In estimating the five hundred dollars of value the court properly declined to include the articles of exempt property existing and turned over in kind.

If the decedent abandoned permanently his profession before his death the exemption of his law office and law library thereby ceased. There is some evidence in the record tending to show that he had done so, but there is some to the contrary.

The court's finding that he had not abandoned his profession is sufficiently supported by the evidence, and we do not feel either inclined or at liberty to disturb it.

The judgment is affirmed.

*Affirmed.*

Delivered October 18, 1889.