**SAN ANGELO NAT. BANK v. WRIGHT.**

No. 8012.

Court of Civil Appeals of Texas. Austin.

Nov. 22, 1933.

Rehearing Denied Jan. 11, 1934.

James Cornell, R. G. Hughes, and D. B. Hardeman, all of San Angelo, for appellant.

BAUGH, Justice.

Appeal is from a temporary injunction restraining the San Angelo National Bank, independent executor of the estate of Ralph B. Drake, from allowing and paying out of the funds of said estate allowances of $1,500 for the support of Drake's widow, $500 in lieu of exempt personal property, and $5,000 in lieu of a homestead. The injunction was granted ex parte without a hearing. The contention on this appeal is that the appellee's petition is insufficient to sustain the relief granted.

The substantial facts alleged and verified were: That appellee held a vendor's lien note for $5,200, dated May 7, 1929, due in five years, payment of which had been assumed by Drake and wife, against certain property in San Angelo which was the homestead of Drake and wife. That Drake died leaving said homestead, certain exempt personal property, an insurance policy for $9,000, payable to his estate, and a will appointing said bank independent executor without bond. That said executor, upon application of Mrs. Drake, was threatening to approve and pay the allowances above indicated. That appellee had presented her claim on said note to the executor and the probate court and had same allowed and ordered paid. That the above-described property constituted the entire estate of Drake, and that the executor had collected the insurance. Appellee by this suit declared her note due for nonpayment of interest, and prayed for foreclosure of her lien on the homestead property. Appellee alleged that such allowances would be excessive, and that, if paid, insufficient funds of said estate would remain to pay her claim, that her debt was due under its accelerated maturity provisions, and prayed that the executor be enjoined from distributing the funds in its hands, and ordered to keep in its hands a sufficient amount to pay appellee's note, and that, if the funds in its hands be insufficient to pay her claim, the property on which she held such lien be sold under order of sale, the proceeds therefrom be paid to her, and the balance, if any, remaining unpaid then be made under execution.

We think the injunction was improvidently granted. To authorize an ex parte injunction without hearing, it is incumbent upon the applicant not only to state in his petition all the material and essential elements entitling him to the relief sought, but to negative every reasonable inference arising from such facts that the petitioner might not, under other pertinent supposable facts, be entitled to such relief. Harding v. Pearson (Tex. Com. App.) 48 S.W.(2d) 964, and cases there cited; Mann v. Pace (Tex. Civ. App.) 58 S.W.(2d) 1070; 24 Tex. Jur. 222, § 168.

Petitioner must likewise "show that he has no other adequate legal remedy, and the petition must negative every fact from which it could reasonably be inferred that he has a legal remedy against the wrong complained of." Bledsoe v. Grand Lodge, etc. (Tex. Civ. App.) 53 S.W.(2d) 73, 74, and cases there cited.

The allowances of which the appellee complained are expressly authorized by the statutes, and the amounts applied for by the widow are within the limits prescribed by the statutes. See articles 3476, 3477, 3486, 3487, R. S. 1925. The statutory allowance for her support is preferred over all other claims except expenses for funeral and last sickness of the deceased. Article 3483, R. S. And the amounts of such allowances are matters addressed to the discretion of the court under the particular circumstances of the case. In re Mays' Estate (Tex. Civ. App.) 43 S.W.(2d) 306. Nowhere did appellee allege any facts which would, under

the statutes, deprive Mrs. Drake of her right to such allowances, nor any reason why they should not be preferred over appellee's claim. Nor did appellee allege that said estate was insolvent; nor that the property on which foreclosure was sought, and which was not exempt from her lien, would not sell for enough to satisfy appellee's debt; nor that such amount as it would probably bring, added to the funds remaining in appellant's hands after paying such allowances, would be insufficient to discharge appellee's debt.

While appellee did allege that the allowances applied for were excessive, no facts were alleged upon which such conclusion of the petitioner was predicated. The mere allegation that same was excessive was but a conclusion and did not constitute a fact allegation.

Obviously the basis of appellee's application for injunction was, in effect, that the appellant, as independent executor without bond, was about to illegally pay out the funds of said estate through excessive allowances to such an extent as to defeat creditors. Under such circumstances, the statutes themselves provide a remedy by requiring a bond of the executor upon the application of a creditor of the estate, or by removal of such executor and the appointment of another. Articles 3438 to 3441, R. S. 1925. This, it seems, would afford a creditor an adequate remedy at law against mismanagement of an estate by an executor. But appellee nowhere alleged that resort had been had to such remedy, nor that, if such remedy were attempted, it would prove inadequate for her protection. See Perkins v. Wood, 63 Tex. 396.; Hocker v. Stevens (Tex. Civ. App.) 42 S.W. (2d) 473, 474.

For the reasons stated, we think it is clear that the allegations in appellee's petition were insufficient to sustain the injunctive relief granted.

The judgment of the trial court awarding said temporary injunction is reversed, and said injunction is dissolved, without prejudice to appellee's cause of action.

Judgment reversed, and injunction dissolved, without prejudice.