Isauro GONZALEZ and Rufino Saenz, Appellants,

v.

Maria Fefugia GUAJARDO de GONZALEZ, Appellee.

No. 5632.

Court of Civil Appeals of Texas, Waco.

Sept. 16, 1976.

Armando Barrera, Canales & Barrera, Alice, for appellants.

Dean C. Woodward and Homer E. Dean, Jr., Alice, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a partition suit and involves 39 acres in Jim Wells County.

Plaintiffs Isauro Gonzalez and Rufino Saenz sued defendant Maria Gonzalez to partition 39 acres of land, alleging the land community property of defendant and her deceased husband Eliseo Gonzalez[1]; that Eliseo died October 18, 1958; that plaintiffs acquired ½ interest through the will of Eliseo; that defendant was entitled to ½ interest; that defendant abandoned her homestead rights in the property as she no longer occupies or uses it.

Plaintiffs sought judgment defendant had abandoned her homestead, and for partition of the land ½ to plaintiffs and ½ to defendant.

1. Plaintiff Isauro Gonzalez is a son of Eliseo Gonzalez by a prior marriage; plaintiff Rufino Saenz is a ½ brother and heir of Aurora Gonzalez, deceased, who was a sister to Isauro. Eliseo's will devised Isauro and Aurora his interest in the 39 acres, subject to defendant's homestead rights.

Defendant answered that 20 acres of the 39 acres was her separate property; that she had not abandoned her constitutional and testamentary life estate and homestead estate in the property; and prayed plaintiff take nothing.

Trial was before the court which rendered judgment: 1) the 39 acres was community property of Eliseo Gonzalez and defendant; 2) defendant owns a testamentary, constitutional and statutory homestead right in all 39 acres; 3) upon the death of defendant the property shall be partitioned into 2 specified shares of equal value, the 1st being set aside to plaintiffs; and the 2nd being set aside to the heirs or devisees of defendant.

Plaintiffs appeal on one point: "The trial court erred in denying partition of the property, and holding that defendant had not abandoned her homestead right in and to the 39 acres.

Defendant appeals on two points:

1. The trial court erred in denying the separate property character to the real property purchased with separate funds of defendant.

2. The trial court erred in denying a widow's allowance to defendant.

■ Plaintiffs assert the trial court erred in holding defendant had not abandoned her homestead right in the property.

Defendant is 74 years old. She married Eliseo Gonzalez in March 1940. In 1946, 20 acres of the property was purchased. In 1947, 10 additional adjoining acres was purchased, and in 1950, 10 more adjoining acres was purchased. (One acre was thereafter sold). Defendant and her husband built a home on the property and lived there until Eliseo died October 18, 1958. Eliseo left a will leaving defendant a homestead right in the property, and the balance to his 2 children Isauro and Aurora (antecedent of Rufino Saenz). Defendant stayed on the property several years after her husband died, but was forced to move to town because of her health. She maintains the house on the property; visits it often; plans to return to live on it; and there is furniture in the house. She deeded the property to her brother in 1971, before she had surgery (when she thought she was going to die); her brother deeded the property back to her the same year; and testified the property was not sold or given to him, but was put in his name in trust, to handle for defendant because she was sick at the time. Defendant rents the property to her brother for $175. per year; she also receives $101. per month Social Security and $73. per month Old Age Pension. Defendant claims the property as her homestead, and has never intended to abandon same.

Section 284 Texas Probate Code states: "The homestead shall not be partitioned among the heirs of the deceased during the lifetime of the widow, or so long as she elects to use or occupy the same as a homestead * * *."

■ After property has been impressed with the homestead character, a temporary renting of the homestead will not terminate its homestead character if no new homestead has been acquired. 28 Tex.Jur.2d 513; Texas Constitution Art. XVI, Sec. 51; Art. 3833 VATS. *Whithan v. Kemp*, S.Ct., Tex.Civ.App., 66 S.W.2d 462.

The trial court was authorized to believe and find defendant had not abandoned her homestead right in the 39 acres, and in denying partition prior to defendant's death.

■ Defendant asserts the trial court erred in denying the separate property character to the real property purchased with funds of defendant; and in denying defendant a widow's allowance.

Defendant married Eliseo in 1940. She testified that she owned a house in which her parents lived and sold it for $2000. in 1946, and purchased the first 20 acres. The deed to the property is to Eliseo and defendant, and recites a vendors lien for an unpaid balance of $200. Upon the death of her husband, defendant listed the 20 acres as her separate property in the inventory. Defendant contends that she is entitled to judgment that $20/22$ of the 20 acres is her separate property.

■ Property acquired by spouses during marriage is presumed to be community property, and the law imposes upon the party asserting otherwise the burden of overcoming the presumption by clear and satisfactory evidence. *Wilson v. Wilson*, S.Ct., 145 Tex. 607, 201 S.W.2d 226.

■ Stated another way, the presumption of the community character of the property acquired by either spouse during marriage is very strong, and can be overcome only by clear and convincing proof that it belongs to one or the other of them, and the burden of proving its separate character is always upon him who asserts it. *Stanley v. Stanley*, CCA, NRE, Tex.Civ. App., 294 S.W.2d 132.

■ The foregoing is especially true where the deed is made to both parties, such fact raising the additional presumption that the spouses agreed that the property would be community property. *Belkin v. Ray*, S.Ct., 142 Tex. 71, 176 S.W.2d 162; *Robbins v. Robbins*, CCA, NWH, Tex.Civ. App., 519 S.W.2d 507.

■ And where the only evidence produced by a party is such party's own testimony, such testimony of an interested witness only raises a fact issue for the finder of fact. This is true though the testimony not be contradicted. *Kirtley v. Kirtley*, CCA, Er. Dism'd, Tex.Civ.App., 417 S.W.2d 847.

The trial judge heard the witnesses and was judge of their credibility and of the weight to be given their testimony. We think he was authorized to find defendant did not overcome the presumption of the community character of the property, purchased during the marriage and deeded to both spouses, by clear and convincing proof that it was defendant's separate property.

■ Defendant complains the trial court erred in denying her a widow's allowance.

Section 286 of the Probate Code states:

"Immediately after the inventory, appraisement and list of claims have been approved, the court shall fix a family allowance for the support of the widow and minor children of the deceased."

Defendant's husband died in 1958. Defendant probated her husband's will in the County Court in 1958. Such will recited that deceased "owned" 2 tracts of land, 1) the 20 acre tract and 2) the 19 acre tract. Such will provided defendant should have her choice of the 2 tracts, and that the other tract go to deceased's 2 children, share and share alike.

The will further provided that if defendant refused to waive her homestead exemption, that both tracts go to deceased's 2 children.

Defendant refused to waive her homestead rights, so deceased's interest in both tracts went to plaintiffs.

Defendant's "accounting" of the properties of the estate coming into her hand, filed in 1974, reflects 1) the land is in her possession being used as a homestead; 2) the pickup truck was delivered to the bank in satisfaction of debt against it; 3) the 23 head of cattle; 14 head sold for $1000.; 2 died and 1 was stolen; 6 were consumed by defendant for her support; and the $1000. was used to pay bills of the parties.

Defendant made no claim for a widow's allowance until she filed her 1st Amended Original Answer in District Court on August 28, 1975.

*Miller v. Miller*, S.Ct., 149 Tex. 543, 235 S.W.2d 624 (Headnote 4) holds that if the widow elects to take her one half of the community property, and further elects to take her homestead under the will, as here that she cannot further claim widow's allowance.

■ And the amount of allowance for a widow's support in lieu of exempt personalty and homestead is addressed to the Court's discretion. *San Angelo National Bank v. Wright*, CCA, Er. Refused, Tex.Civ. App., 66 S.W.2d 804.

Defendant received homestead in the entire tract, the $1000. received from sale of 14 head of the cattle was used in part to pay her bills; and 6 head of the cattle were consumed by defendant for her support.

The trial court did not err in denying defendant a widow's allowance.

Plaintiffs' point and defendant's 2 points are overruled.

AFFIRMED.