COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-005-CV

 

 

ESTATE OF
RICHARD GLENN WOLFE, SR., DECEASED

                                                                                                        

                                              ------------

 

               FROM PROBATE
COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                          I.  Introduction








In three issues, Appellant Morgan Wolfe (AMorgan@)
asserts that the probate court erred, when granting a request for a family
allowance, by failing to consider and deduct as separate property (a) the life
insurance proceeds paid to Appellee Sondra Gay Wolfe (ASondra@) during
the year following the death of Richard Glenn Wolfe, Sr. (ARichard@); (b)
the individual retirement account benefits received by Sondra during the year
following Richard=s death; and (c) the income
earned and to be earned by Sondra during the year following Richard=s
death.  We affirm.

                              II.  Factual and Procedural History

Richard married Sondra on January 1, 2000, and
died six and one-half years later on July 8, 2006.  During their marriage, Richard maintained a
life insurance policy that named Sondra as the beneficiary.  Richard=s will
was admitted to probate in Tarrant County Probate Court Number 2, wherein
Lionel Robert Lane (ALane@) was
appointed and qualified as the Independent Executor of Richard=s
estate.  On April 23, 2007, Sondra filed
an AApplication
for Family Allowance Before Approval of Inventory@
asserting that her expenses for the year following Richard=s death
would be at most $132,444.  On May 1,
2007, Lane filed an AObjection to [Sondra=s
Application] for Family Allowance Before Approval of Inventory,@ and two
days later Morgan, son of Richard and a beneficiary under Richard=s will,
also filed an AObjection to Application for
Family Allowance.@ 
Following an evidentiary hearing and briefing by the parties, the
probate court approved Sondra=s
application and ordered that a family allowance of $126,840 be paid to her.








Sondra asserted in connection with her request
for a family allowance that she had Ano
separate property or property in her own right adequate for her maintenance.@  During the year following Richard=s death,
she received the life insurance proceeds totaling $291,250, was the beneficiary
of Richard=s IRA accounts totaling
$120,000, and had income of $85,000.

This appeal by Morgan resulted.

                                     III.
Standard of Review

We review the actions of the probate court in
granting the family allowance under the abuse of discretion standard.  Gonzalez v. Guarjardo de Gonzalez, 541
S.W.2d 865, 868 (Tex. Civ. App.CWaco
1976, no writ); San Angelo Nat=l Bank
v. Wright, 66 S.W.2d 804, 805 (Tex. Civ. App.CAustin
1933, writ ref=d).

To determine whether a court abused its
discretion, we must decide whether the court acted without reference to any
guiding rules or principles; in other words, we must decide whether the act was
arbitrary or unreasonable.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).  Merely because a court may decide a matter
within its discretion in a different manner than an appellate court would in a
similar circumstance does not demonstrate that an abuse of discretion has
occurred.  Id.








An abuse of discretion does not occur where the
court bases its decisions on conflicting evidence.  In re Barber, 982 S.W.2d 364, 366
(Tex. 1998) (orig. proceeding).  Furthermore,
an abuse of discretion does not occur as long as some evidence of substantive
and probative character exists to support the trial court=s
decision.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 211 (Tex. 2002).

                                     IV.  The Probate Code

The pertinent statutory provisions of the Texas
Probate Code read in part as follows: 

' 286. Family Allowance to
Surviving Spouses and Minors

[A] surviving spouse . .
. may apply to the court to have the court fix the family allowance. . . . The
applicant bears the burden of proof by a preponderance of the evidence . . .
.  

 

' 287.  Amount of Family Allowance

Such allowance shall be
of an amount sufficient for the maintenance of such surviving spouse . . . for
one year from the time of the death of the testator . . . . The allowance shall
be fixed with regard to the facts or circumstances then existing and those
anticipated to exist during the first year after such death.

 

' 288.  When Family Allowance Not Made

No such allowance shall
be made for the surviving spouse when the survivor has separate property
adequate to the survivor=s maintenance[.]

 

Tex. Prob. Code Ann. '' 286(b),
287, 288 (Vernon 2003).

                                              V.  Issues

A.  Life
Insurance Proceeds

Morgan first asserts that the trial court erred
by awarding a family allowance because the life insurance proceeds received by
Sondra exceeded the requested family allowance.








The basis of Morgan=s argument
is that the proceeds of the life insurance policy, which was community property
while Richard was alive, became Sondra=s
separate property on the death of her husband. 
See Brown v. Lee, 371 S.W.2d 694, 695B96 (Tex.
1963); Dent v. Dent, 689 S.W.2d 521, 522 (Tex. App.CFort
Worth 1985, no writ); Parker Square State Bank v. Huttash, 484 S.W.2d
429, 430 (Tex. App.CFort Worth 1972, writ ref=d
n.r.e.).  Upon Richard=s death,
his estate vested Aimmediately in his heirs at law,@ Tex.
Prob. Code Ann. ' 37 (Vernon 2003), including
Sondra, and further, property acquired by Sondra through Agift,
devise, or descent@ is Sondra=s
separate property under the Texas Family Code. 
See Tex. Fam. Code Ann. '
3.001(2) (Vernon 2006).  Hence, argues
Morgan, pursuant to section 288 of the Texas Probate Code, no family allowance
was permitted because her separate property, the life insurance proceeds,
exceeded her Family Allowance request, and the trial court abused its
discretion by making the award.

However, as pointed out by Sondra, it has been
held that Aseparate property@ for
purposes of a family allowance, including that acquired by Agift,
devise, or descent@ 

does not mean the
surviving wife=s interest in the
community property of herself and deceased husband, so as to bar her from the
right to an allowance for the first year=s support of the community estate of herself and
husband[.]

 








Pace v. Eoff, 48 S.W.2d 956, 959 (Tex. Comm=n App.
1932, judgm=t adopted).

In other words, life insurance proceeds, as
community property of Richard and Sondra before Richard=s death,
are not considered to be the Aseparate
property@ of
Sondra following his death in the family allowance calculation.

Further, in Barnett v. Barnett, Mrs.
Barnett received during the first year following her husband=s death
a $426 per month annuity; a tax refund of $3,851; $41,637.86 from her husband=s
savings plan; and worked full-time earning $10 an hour.  985 S.W.2d 520, 532 (Tex. App.CHouston
[1st Dist.] 1998, rev=d in
part on other grounds, 67 S.W.3d 107, 108 (Tex. 2001)).  The court found that Anone of
these funds were the [w]ife=s
separate property.@ 
Id.  This determination was
affirmed by our Supreme Court.  Barnett
v. Barnett, 67 S.W.3d 107, 126 (Tex. 2001). 
This must be read to mean that the funds Sondra received after her
husband=s death
were not her Aseparate property@ as that
term is used in connection with a family allowance under the Texas Probate
Code.

Therefore, following this authority, we cannot
say that the trial court abused its discretion by allowing a family allowance
because Sondra received life insurance proceeds following Richard=s death.  We overrule Morgan=s first
issue.








B.  IRA
Benefits and Earned Income

In his second and third issues, Morgan repeats
his argument that he made in issue one and applies it to the retirement
benefits amounting to $121,000 that Sondra received in the year following
Richard=s death
and to the income she earned that year amounting to $85,000.

We will follow the reasoning we applied to Morgan=s first
issue and note that in Cooper v. Pierce, our supreme court specifically
found that the fact that a minor, who is also entitled to a family allowance
under the same Texas Probate Code provisions previously cited and who was a
wage earner, Adid not deprive him of the right
to demand and take the allowance that the law gave him out of his deceased
father=s
estate.@  Cooper v. Pierce, 74 Tex. 526, 529, 12
S.W. 211, 212 (1889).  We overrule Morgan=s second
and third issues.

                                          VI.  Conclusion

Having overruled Morgan=s
issues, we affirm the trial court=s
judgment.

 

 

BOB
MCCOY

JUSTICE

 

PANEL: LIVINGSTON,
DAUPHINOT, and MCCOY, JJ.

 

DELIVERED: September 18,
2008