

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-005-CV

ESTATE OF RICHARD GLENN WOLFE, SR., DECEASED

------------

FROM PROBATE COURT NO. 2 OF TARRANT COUNTY

------------

## OPINION

------------

## I. Introduction

In three issues, Appellant Morgan Wolfe ("Morgan") asserts that the probate court erred, when granting a request for a family allowance, by failing to consider and deduct as separate property (a) the life insurance proceeds paid to Appellee Sondra Gay Wolfe ("Sondra") during the year following the death of Richard Glenn Wolfe, Sr. ("Richard"); (b) the individual retirement account benefits received by Sondra during the year following Richard's death; and (c)

the income earned and to be earned by Sondra during the year following Richard's death.  We affirm.

## II.  Factual and Procedural History

Richard married Sondra on January 1, 2000, and died six and one-half years later on July 8, 2006.  During their marriage, Richard maintained a life insurance policy that named Sondra as the beneficiary.  Richard's will was admitted to probate in Tarrant County Probate Court Number 2, wherein Lionel Robert Lane ("Lane") was appointed and qualified as the Independent Executor of Richard's estate.  On April 23, 2007, Sondra filed an "Application for Family Allowance Before Approval of Inventory" asserting that her expenses for the year following Richard's death would be at most $132,444.  On May 1, 2007, Lane filed an "Objection to [Sondra's Application] for Family Allowance Before Approval of Inventory," and two days later Morgan, son of Richard and a beneficiary under Richard's will, also filed an "Objection to Application for Family Allowance."  Following an evidentiary hearing and briefing by the parties, the probate court approved Sondra's application and ordered that a family allowance of $126,840 be paid to her.

Sondra asserted in connection with her request for a family allowance that she had "no separate property or property in her own right adequate for her maintenance."  During the year following Richard's death, she received the life

insurance proceeds totaling $291,250, was the beneficiary of Richard's IRA accounts totaling $120,000, and had income of $85,000.

This appeal by Morgan resulted.

### III. Standard of Review

We review the actions of the probate court in granting the family allowance under the abuse of discretion standard. *Gonzalez v. Guarjardo de Gonzalez,* 541 S.W.2d 865, 868 (Tex. Civ. App.—Waco 1976, no writ); *San Angelo Nat'l Bank v. Wright*, 66 S.W.2d 804, 805 (Tex. Civ. App.—Austin 1933, writ ref'd).

To determine whether a court abused its discretion, we must decide whether the court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). Merely because a court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id*.

An abuse of discretion does not occur where the court bases its decisions on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). Furthermore, an abuse of discretion does not occur as long as

3

some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

## IV. The Probate Code

The pertinent statutory provisions of the Texas Probate Code read in part as follows:

> § 286. Family Allowance to Surviving Spouses and Minors
> [A] surviving spouse . . . may apply to the court to have the court fix the family allowance. . . . The applicant bears the burden of proof by a preponderance of the evidence . . . .
>
> § 287. Amount of Family Allowance
> Such allowance shall be of an amount sufficient for the maintenance of such surviving spouse . . . for one year from the time of the death of the testator . . . . The allowance shall be fixed with regard to the facts or circumstances then existing and those anticipated to exist during the first year after such death.
>
> § 288. When Family Allowance Not Made
> No such allowance shall be made for the surviving spouse when the survivor has separate property adequate to the survivor's maintenance[.]

Tex. Prob. Code Ann. §§ 286(b), 287, 288 (Vernon 2003).

## V. Issues

### A. Life Insurance Proceeds

Morgan first asserts that the trial court erred by awarding a family allowance because the life insurance proceeds received by Sondra exceeded the requested family allowance.

4

The basis of Morgan's argument is that the proceeds of the life insurance policy, which was community property while Richard was alive, became Sondra's separate property on the death of her husband. *See Brown v. Lee*, 371 S.W.2d 694, 695–96 (Tex. 1963); *Dent v. Dent*, 689 S.W.2d 521, 522 (Tex. App.—Fort Worth 1985, no writ); *Parker Square State Bank v. Huttash*, 484 S.W.2d 429, 430 (Tex. App.—Fort Worth 1972, writ ref'd n.r.e.). Upon Richard's death, his estate vested "immediately in his heirs at law," Tex. Prob. Code Ann. § 37 (Vernon 2003), including Sondra, and further, property acquired by Sondra through "gift, devise, or descent" is Sondra's separate property under the Texas Family Code. *See* Tex. Fam. Code Ann. § 3.001(2) (Vernon 2006). Hence, argues Morgan, pursuant to section 288 of the Texas Probate Code, no family allowance was permitted because her separate property, the life insurance proceeds, exceeded her Family Allowance request, and the trial court abused its discretion by making the award.

However, as pointed out by Sondra, it has been held that "separate property" for purposes of a family allowance, including that acquired by "gift, devise, or descent"

> does not mean the surviving wife's interest in the community property of herself and deceased husband, so as to bar her from the right to an allowance for the first year's support of the community estate of herself and husband[.]

5

*Pace v. Eoff*, 48 S.W.2d 956, 959 (Tex. Comm'n App. 1932, judgm't adopted).

In other words, life insurance proceeds, as community property of Richard and Sondra before Richard's death, are not considered to be the "separate property" of Sondra following his death in the family allowance calculation.

Further, in *Barnett v. Barnett*, Mrs. Barnett received during the first year following her husband's death a $426 per month annuity; a tax refund of $3,851; $41,637.86 from her husband's savings plan; and worked full-time earning $10 an hour. 985 S.W.2d 520, 532 (Tex. App.—Houston [1st Dist.] 1998, *rev'd in part on other grounds*, 67 S.W.3d 107, 108 (Tex. 2001)). The court found that "none of these funds were the [w]ife's separate property." *Id*. This determination was affirmed by our Supreme Court. *Barnett v. Barnett*, 67 S.W.3d 107, 126 (Tex. 2001). This must be read to mean that the funds Sondra received after her husband's death were not her "separate property" as that term is used in connection with a family allowance under the Texas Probate Code.

Therefore, following this authority, we cannot say that the trial court abused its discretion by allowing a family allowance because Sondra received life insurance proceeds following Richard's death. We overrule Morgan's first issue.

6

## B. IRA Benefits and Earned Income

In his second and third issues, Morgan repeats his argument that he made in issue one and applies it to the retirement benefits amounting to $121,000 that Sondra received in the year following Richard's death and to the income she earned that year amounting to $85,000.

We will follow the reasoning we applied to Morgan's first issue and note that in *Cooper v. Pierce*, our supreme court specifically found that the fact that a minor, who is also entitled to a family allowance under the same Texas Probate Code provisions previously cited and who was a wage earner, "did not deprive him of the right to demand and take the allowance that the law gave him out of his deceased father's estate." *Cooper v. Pierce*, 74 Tex. 526, 529, 12 S.W. 211, 212 (1889). We overrule Morgan's second and third issues.

## VI. Conclusion

Having overruled Morgan's issues, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED: September 18, 2008