**In the ESTATE OF Steven Douglas NIELSEN, Deceased**

**No. 06-17-00055-CV**

Court of Appeals of Texas, Texarkana.

Date Submitted: July 24, 2017

Date Decided: October 3, 2017

David C. Bakutis, Lead Counsel, R. Dyann McCully, The Blum Firm, PC, Fort Worth, TX, for appellant.

Kelly J. Curnutt, Curnutt & Hafer, LLP, Arlington, TX, James W. Holliday, Law Office of James W. Holliday, Fort Worth, TX, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

After the temporary administrator of the estate of Steven Douglas Nielsen's first amended inventory, appraisement, and list of claims was approved in the Probate Court No. 2 of Tarrant County,[1] Nielsen's surviving spouse, Linda D. Nielsen (Linda), filed her second amended application for a family allowance. The primary beneficiary under the will, Maria Juanita Footman, opposed Linda's application. After considering the application and hearing arguments of counsel, the probate court entered its order granting Linda a family allowance of $137,100.00 and provided that the allowance was to be charged against the entire community property estate.

On appeal, Linda complains that the probate court erred by charging the family allowance against the entire community estate.[2] Since we find that the probate court did not abuse its discretion in charging the entire community estate, we will affirm its judgment.

## I. Standard of Review

■ ■ A probate court's order granting a family allowance is reviewed for abuse of discretion. *Estate of Wolfe*, 268 S.W.3d 780, 782 (Tex. App.—Fort Worth 2008, no pet.) (citing *Gonzalez v. Guajardo de Gonzalez*, 541 S.W.2d 865, 868 (Tex. Civ. App.—Waco 1976, no writ); *San Angelo Nat'l Bank v. Wright*, 66 S.W.2d 804, 805 (Tex. Civ. App.—Austin 1933, writ ref'd)). A trial court abuses its discretion if it acts without reference to any guiding rules and principles or reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When reviewing factual issues or other matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). However, when reviewing the trial court's determination of the law, our review is much less deferential, since a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. A trial court abuses its discretion when it erroneously interprets the law or misapplies the law. *Id.*; *Morales v. Segura*, No. 04-15-00365-CV, 2015 WL 8985802, at *2 (Tex. App.—San Antonio Dec. 16, 2015, no pet.) (mem. op).

## II. Analysis

### A. Introduction

Although Linda recognizes that Texas courts have long recognized that the family allowance may be paid out of the entire

---

**1.** Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* Tex. Gov't. Code Ann. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* Tex. R. App. P. 41.3.

**2.** Neither Footman nor the temporary administrator challenge the amount of the family allowance award.

community estate,[3] she argues that, with the passage of the Texas Estates Code, the Legislature made clear its intent that any family allowance must be paid only out of the decedent's estate, i.e., the decedent's one-half of the community property and, if necessary, the decedent's separate property.[4] Linda has not cited—and we have not found—any case authority construing either the former Probate Code or the Estates Code in support of her argument. Rather, she argues that, since the Estates Code does not specifically authorize payment of the family allowance out of the entire community estate, the probate court was not authorized to burden her half of the community estate with a portion of the family allowance. Footman argues that Texas law has been consistent for almost a century in recognizing that the family allowance is a debt against the community estate that is payable out of the entire community estate and that the Estates Code did not change this law. We agree.

**B. The Texas Estates Code Provisions**

■ The Texas Estates Code provides that, before the trial court approves the inventory, appraisement, and list of claims of an estate, the surviving spouse may apply to the court to fix a family allowance by filing an application and a verified affidavit stating the amount necessary for his or her maintenance for one year and a list of her separate property. Tex. Estates CODE ANN. § 353.101(b) (West 2014).[5] The trial court must then fix a family allowance sufficient for the surviving spouse's maintenance for one year from the date of death of the decedent based on the circumstances then existing and those anticipated to exist during that year. Tex. Estates CODE ANN. § 353.102 (West 2014). If the surviving spouse has separate property adequate for her maintenance, the trial court may not award a family allowance. Tex. Estates CODE ANN. § 353.101(d)(1) (West 2014). When it determines the surviving spouse's entitlement to a family amount and the amount to which he or she is entitled, "the trial court must consider the whole condition of the estate during the first year after the [decedent]'s death, the necessities of the surviving spouse, and the circumstances to which he or she has been accustomed." *In re Estate of Rhea*, 257 S.W.3d 787, 790–91 (Tex. App.—Fort Worth 2008, no pet.) (citing *Churchill v. Churchill*, 780 S.W.2d 913, 916 (Tex. App.—Fort Worth 1989, no writ) (*Pace*, 48 S.W.2d at 960).

Additionally, when the trial court fixes the amount of the family allowance, it must enter an order stating the amount of the allowance, providing how it shall be payable, and directing the executor or administrator to pay it "in accordance with law." Tex. Estates CODE ANN. § 353.103 (West 2014). Also, the qualified personal representative of the decedent's estate is

---

3. *See Pace v. Eoff*, 48 S.W.2d 956, 963 (Tex. Comm'n. App. 1932, judgm't adopted) (upholding judgment of district court that surviving widow's allowance is to be paid out of "the community estate of the deceased husband and surviving wife"); *see also Miller v. Miller*, 149 Tex. 543, 235 S.W.2d 624, 628–29 (1951) (noting that, on remand, if the surviving widow elected to receive her one-year allowance, the allowance "will be charged against the full community estate, and her half (of the community estate) will accordingly bear its portion of such charge").

4. In this case, Nielsen's estate consisted solely of community property. The entire community estate was valued at $3,151,141.01, with Nielsen's one-half community estate valued at $1,575,570.01.

5. Although not applicable in this case, the family allowance is also available for the decedent's minor children and incapacitated adult children. *Id.*

authorized to administer the separate property of the decedent and all of the community property that was either under management of the decedent or under the spouses' joint management during the marriage. TEX. ESTATES CODE ANN. § 453.009(a) (West 2014). Further, the community property that was under the deceased spouse's sole or joint management during the marriage continues to be subject to the debts of that spouse upon his or her death. TEX. ESTATES CODE ANN. § 101.052(a) (West 2014). However, the Estates Code provides that the family allowance "shall be paid in preference to all other debts of or charges against the estate, other than Class 1[6] claims." TEX. ESTATES CODE ANN. § 353.104 (West 2014). The sole issue in this case, then, is whether ordering the administrator to pay the family allowance out of the entire community estate was "in accordance with law."

**C.  *Pace v. Eoff*, 48 S.W.2d 956, 963 (Tex. Comm'n App. 1932, judgm't adopted), and *Miller v. Miller*, 149 Tex. 543, 235 S.W.2d 624, 628–29 (1951)**

In *Pace*, the Texas Commission of Appeals construed the predecessor statutes to these Estates Code provisions to determine how a surviving widow's one-year allowance (now the family allowance) should be paid. *Pace*, 48 S.W.2d at 958–63. These predecessor statutes provided that the trial court should fix an allowance for the support of the widow in an amount sufficient for her maintenance for one year from the time of death of her husband, with regard to the facts existing during that year, and that the order state the amount of the allowance and direct the personal representative to pay it in accordance with law. *See Moyers v. Carter*, 61 S.W.2d 1027, 1030 (Tex. Civ. App.—Dallas

1933, writ ref'd) (citing former Articles 3476, 3477, and 3479). In addition, the predecessor statutes provided that the allowance to the widow was to be paid "in preference to all other debts or charges against the estate, except expenses of the funeral and last sickness of deceased." *Butler v. Summers*, 248 S.W.2d 227, 230 (Tex. Civ. App.—Dallas 1952), *rev'd on other grounds*, 151 Tex. 618, 253 S.W.2d 418 (1952) (quoting former Article 3483).

In *Pace*, the administrator of the decedent's estate argued that in an estate in which the community property was sufficient to satisfy the surviving widow's allowance, the allowance should be paid entirely out of the surviving widow's portion of the community property. *Pace*, 48 S.W.2d at 959. In rejecting the administrator's argument, the Texas Commission of Appeals held that the surviving wife was entitled to the allowance to be paid "out of the community estate of herself and husband then being administered by the probate court," not merely out of her portion of the community estate. *Id.* at 962. The court went on to hold that the import of the language in former Article 3483 was that the allowance for the support of the surviving widow was a "debt against the estate of the deceased." *Id.* at 963. As such, the commission held that the amount of the allowance was "to be charged like any other debt chargeable against the community estate of the deceased husband and surviving wife." *Id.*

Almost twenty years later, the Texas Supreme Court reiterated that the surviving widow's allowance is chargeable "against the full community estate" and that the surviving widow's half of the community estate bears its portion of the al-

---

**6.**  Class 1 claims include funeral expenses and the reasonable expenses of the decedent's last illness, "not to exceed a total of $15,000."

TEX. ESTATES CODE ANN. § 355.102(b) (West Supp. 2016).

lowance. *Miller*, 235 S.W.2d at 628–29. Thus, under the former statutes, Texas courts recognized the family allowance to be a debt of the decedent's estate that is properly paid out of the entire community estate.[7]

### D. Legislative Re-enactments Since *Pace* and *Miller*

When the Legislature codified the Probate Code in 1955, it re-enacted the statutes construed in *Pace* with very few substantive changes. *See* Act of Mar. 17, 1955, 54th Leg., R.S., ch. 55, § 1, secs. 286–93, 1955 Tex. Gen. Laws 88, 168–69, *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 10(a), 2009 Tex. Gen. Laws 1512, 1731. As in the predecessor statutes, the Probate Code provided that the trial court should fix a family allowance for the surviving widow in an amount sufficient for her maintenance for one year from the time of the decedent's death. Act of Mar. 17, 1955, 54th Leg., R.S., ch. 55, § 1, sec. 286–87, 1955 Tex. Gen. Laws 88, 168–69 (repealed 2009). In addition, the court was to consider the circumstances then existing and base the amount of the allowance on the facts anticipated in that first year. Act of Mar. 17, 1955, 54th Leg., R.S., ch. 55, § 1, sec. 287, 1955 Tex. Gen. Laws 88, 168–69 (repealed 2009). Also, in its order, the court was required to state the amount of the allowance, provide how the same would be payable, and direct the personal representative to pay it "in accordance with

law." Act of Mar. 17, 1955, 54th Leg., R.S., ch. 55, § 1, sec. 289, 1955 Tex. Gen. Laws 88, 168–69 (repealed 2009). Further, the Probate Code provided that the allowance should be paid "in preference to all other debts or charges against the estate, except expenses of the funeral and last sickness of the deceased." Act of Mar. 17, 1955, 54th Leg., R.S., ch. 55, § 1, sec. 290, 1955 Tex. Gen. Laws 88, 168–69 (repealed 2009).

In 2009, the Legislature adopted a "non-substantive revision of provisions of the Texas Probate Code relating to decedents' estates and the redesignation of certain other provisions of the Texas Probate Code, including conforming amendments and repeals" and enacted the Texas Estates Code. *See* Act of Mar. 17, 1955, 54th Leg., R.S., ch. 55, § 1, secs. 286–93, 1955 Tex. Gen. Laws 88, 168–69 (repealed 2009). The family allowance provisions at issue in this case were again re-enacted without substantive changes. Accordingly, the family allowance provisions of the current Estates Code are substantially similar to those found in the predecessor statutes examined in *Pace* and *Miller*.

### E. Application of Law to the Case

It is a well-settled rule in Texas "that when a statute is re-enacted without material change, it is presumed that the legislature knew and adopted the interpretation placed on the original act and intended the new enactment to receive the

---

7. Linda argues that the holding in *Pace* and the language in *Miller* are mere dicta, citing *Ward v. Braun*, 417 S.W.2d 888, 894 (Tex. Civ. App.—Corpus Christi 1967, no writ). However, Linda misconstrues *Ward*. In *Ward*, decided under the Probate Code, there was no community estate from which to pay a family allowance to the surviving spouse. However, the decedent's estate contained sufficient separate property to pay an allowance. *Id.* at 890–91. The trial court denied the spouse's application, holding that the allowance could only be paid out of community funds. *Id.* at

891. The Corpus Christi Court recognized that, under *Pace*, the family allowance was a debt of the decedent's estate. *Id.* at 894. It noted that in both *Pace* and *Miller*, there was sufficient community property to pay the family allowance, and therefore, the allowance was payable from the community estate. *Id.* However, under the facts of the case before it, the Court of Appeals reversed the trial court and held that the surviving spouse was entitled to the allowance which, in the absence of sufficient community property, could be paid out of the decedent's separate property. *Id.*

same construction." *Coastal Indus. Water Auth. v. Trinity Portland Cement Div., Gen. Portland Cement Co.*, 563 S.W.2d 916, 918 (Tex. 1978) (orig. proceeding) (citing *Love v. Wilcox*, 119 Tex. 256, 28 S.W.2d 515 (1930)). Further, when the Legislature repeatedly re-enacts statutes without material change, it "must be regarded as intending statutes ... to be given that interpretation which has been settled by the courts." *Wich v. Fleming*, 652 S.W.2d 353, 355 (Tex. 1983) (quoting *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 187 (Tex. 1968)). Consequently, the rule announced in *Pace* and affirmed in *Miller* governs our interpretation of Section 353.102 of the Estates Code. Based on that rule, the trial court correctly ordered that the family allowance be paid from the entire community estate.

### III.  Conclusion

In *Pace*, the Texas Commission of Appeals held that, under the then-existing probate statutes, the surviving spouse's family allowance was to be paid from the entire community estate. *Pace*, 48 S.W.2d at 963. The Texas Supreme Court adopted this holding and reiterated it almost twenty years later in *Miller*. *Miller*, 235 S.W.2d at 628–29. The statutes regarding the family allowance have been repeatedly re-enacted without substantive changes since the *Pace* and *Miller* decisions. Therefore, the Legislature is presumed to have intended that the courts construe the Estates Code regarding the family allowance consistently with those decisions.

In this case, the community estate was sufficient to pay the family allowance awarded to Linda, and the trial court ordered that the allowance be paid out of the full community estate. Since this order is consistent with *Pace* and *Miller*, the trial court did not misinterpret or misapply the law. Consequently, we hold that the trial court did not abuse its discretion and we overrule Linda's sole point of error.

For the reasons stated, we affirm the judgment of the trial court.