**AFFIRM; Opinion Filed April 21, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01104-CV**

**IN RE ESTATE OF DANIEL E. WETZEL, DECEASED**

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-19-00223-1**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Schenck

Kari Wetzel, widow of decedent Daniel E. Wetzel and independent administrator of his estate, appeals the trial court's order denying her requested family allowance. In two issues, she argues the trial court lacked jurisdiction to consider appellee Ann Michael's objection to her family allowance and alternatively that the trial court abused its discretion by denying the family allowance. We affirm. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Mr. Wetzel passed away on November 19, 2018. On January 18, 2019, his wife, Ms. Wetzel, filed an application to probate her husband's will. That will

provided for two beneficiaries of Mr. Wetzel's estate: Ms. Wetzel and a trust established for Claire Wetzel, his daughter from a previous marriage. Ann Michael is Mr. Wetzel's sister and the trustee of Claire Wetzel's trust.

Four months later, Ms. Wetzel sold the family's former residence ("Wentwood house"), which the couple had purchased prior to their marriage. Ms. Wetzel then used $170,000 of her share of the proceeds from sale to buy a new house ("Glendora house"), title to which is held in the names of Ms. Wetzel and her mother Nancy Kinzer, although Ms. Kinzer does not reside there. According to Ms. Wetzel, she was unable to obtain a traditional mortgage, so she "borrow[ed] against my mother's portfolio, and . . . that's the reason why . . . her name is on the house" to finance the remainder of the purchase price of the Glendora house. Under the arrangement with her mother, Ms. Wetzel is not required to make regular mortgage payments to repay that loan.

Later that year, Ms. Wetzel filed the inventory, appraisement, and list of claims for her husband's estate. Included in that inventory was her husband's fifty-percent interest in the Wentwood house. The trial court approved the inventory without objection.

On June 1, 2020, Ms. Wetzel filed a notice of family allowance, in which she represented $166,728 was the amount necessary for her maintenance for one year following the death of her husband and that she did not have sufficient separate property for her own maintenance. The following month, Ms. Michael, in her

–2–

capacity as trustee of Claire Wetzel's trust, filed an objection to Ms. Wetzel's notice of family allowance and argued Ms. Wetzel had separate property in an amount exceeding the amount she sought and thus was not entitled to any family allowance. After conducting a hearing over two days on Ms. Michael's objection, the trial court signed an order denying Ms. Wetzel's requested family allowance.

## JURISDICTION

In her first issue, Ms. Wetzel argues the trial court did not have any subject-matter jurisdiction to consider Ms. Michael's objection.

Appellate courts must determine the subject-matter jurisdiction of the trial court over the cause on appeal. *See Doyle v. Schultz*, No. 05-00-01270-CV, 2001 WL 827428, at *3 (Tex. App.—Dallas July 24, 2001, pet. denied). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *See Wheelabrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d 448, 451 (Tex. 2016).

Ms. Wetzel argues section 402.001 of the estate code deprived the probate court of subject-matter jurisdiction. It provides:

> When an independent administration has been created, and the order appointing an independent executor has been entered by the probate court, and the inventory, appraisement, and list of claims has been filed by the independent executor and approved by the court or an affidavit in lieu of the inventory, appraisement, and list of claims has been filed by the independent executor, as long as the estate is represented by an independent executor, further action of any nature may not be had in the probate court except where this title specifically and explicitly provides for some action in the court.

TEX. ESTATES CODE ANN. § 402.001. According to Ms. Wetzel, because Ms. Michael filed her objection to Ms. Wetzel's notice of family allowance after the trial court approved the inventory, the trial court no longer had subject-matter jurisdiction to hear the objection. *See id.* ("further action of any nature may not be had in the probate court"). Instead, Ms. Wetzel urges, Ms. Michael should have filed a declaratory-judgment action. *See, e.g.*, *Estate of Lee*, 981 S.W.2d 288, 290 (Tex. App.—Amarillo 1998, pet. denied); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (section of Declaratory Judgments Act providing subject matter of relief to include, among other things, question of construction or validity of will). When questioned at oral argument, however, Ms. Wetzel's attorney conceded that the same probate court that heard this case would be the proper court to hear any such declaratory-judgment action. Moreover, a party's failure to plead a cause of action or theory of relief by name is not a jurisdictional defect. *See Doyle*, 2001 WL 827428, at *3; *see also* TEX. R. CIV. P. 90, 91 (pleading defects not raised by special exceptions are waived on appeal).

As the trial court in this case is a probate court, it has original jurisdiction of probate proceedings, such as the instant case and proceedings regarding a family allowance. *See* ESTATES § 32.002(c). Thus, although section 402.002 limits the probate court's supervision of the independent administration, it does not deprive the probate court of jurisdiction over matters relating to the estate. *See Estate of Savana*, 529 S.W.3d 587, 593 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Moreover, section 353.101 of the estates code provides for proceedings related to the family allowance Ms. Wetzel requested. *See* ESTATES § 353.101(b) (providing for application for family allowance), (d) (prohibiting family allowance where surviving spouse has adequate separate property for maintenance). We conclude the trial court had subject-matter jurisdiction to hear Ms. Michael's objection. Accordingly, we overrule Ms. Wetzel's first issue.

### DISCUSSION

In her second issue, Ms. Wetzel urges the trial court abused its discretion in denying her requested family allowance by finding that Ms. Wetzel had sufficient separate property available to provide for her maintenance for the period of one year following the death of her husband.

Although this Court has not yet reviewed a trial court's ruling on a family allowance, the parties cite a long line of decisions from our sister courts of appeal reviewing for an abuse of discretion. *See Estate of Wolfe*, 268 S.W.3d 780, 782 (Tex. App.—Fort Worth 2008, no pet.) (citing *Gonzalez v. Guajardo de Gonzalez*, 541 S.W.2d 865, 868 (Tex. App.—Waco 1976, no writ); *San Angelo Nat'l Bank v. Wright*, 66 S.W.2d 804, 805 (Tex. App.—Austin 1933, writ ref'd)). Because we agree with that authority, we apply that standard here.

As discussed above, section 353.101 of the estates code provides for a family allowance for the support of a decedent's surviving spouse for one year after the date of the decedent's death as follows:

(a) Unless an application and verified affidavit are filed as provided by Subsection (b), immediately after the inventory, appraisement, and list of claims of an estate are approved or after the affidavit in lieu of the inventory, appraisement, and list of claims is filed, the court shall fix a family allowance for the support of the decedent's surviving spouse, . . . .

(b) Before the inventory, appraisement, and list of claims of an estate are approved or, if applicable, before the affidavit in lieu of the inventory, appraisement, and list of claims is filed, the decedent's surviving spouse . . . may apply to the court to have the court fix the family allowance by filing an application and a verified affidavit describing:

(1) the amount necessary for the maintenance of the surviving spouse . . . for one year after the date of the decedent's death; and

(2) the surviving spouse's separate property . . . .

(c) At a hearing on an application filed under Subsection (b), the applicant has the burden of proof by a preponderance of the evidence. The court shall fix a family allowance for the support of the decedent's surviving spouse. . . .

(d) A family allowance may not be made for:

(1) the decedent's surviving spouse, if the surviving spouse has separate property adequate for the surviving spouse's maintenance . . . .

See ESTATES § 353.101; see also TEX. FAM. CODE ANN. § 3.001 (defining "separate property" as property owned or claimed by spouse before marriage or acquired by spouse during marriage by gift, devise, or descent).

At the hearing on Ms. Michael's objection, the trial court considered evidence of Ms. Wetzel's separate property as follows: (1) IRA accounts valued at approximately $40,000; (2) personal property valued at approximately $1,745; and (3) 50% interest in the Wentwood house valued at approximately $652,700.

–6–

Ms. Wetzel urges consideration of her separate ownership interest in the Wentwood property violates her homestead rights. *See* TEX. CONST. art. XVI, § 52 (providing for descent and distribution of homestead to surviving spouse and restricting partition of same); ESTATES § 102.005 (prohibiting partition of homestead during lifetime of surviving spouse). However, Ms. Michael responds that the record contains other evidence the trial court could have considered, including evidence that Ms. Wetzel chose to sell the homestead prior to filing her request for family allowance, used her share of the sale proceeds towards another house co-owned by her mother, and was not required to make any mortgage payments towards the new house.

The trial court's order denying the family allowance included findings that Ms. Wetzel had sufficient separate property to provide for her maintenance for one year following the death of her husband and that she was not entitled to a family allowance pursuant to section 353.101 of the estates code. The record contains evidence to support these findings, as well as many other factors the trial court may have taken into consideration in the exercise of its discretion.[1] One factor the trial court could have considered is that the focus of the statute is on the year following

---

[1] *See Luxenberg v. Marshall*, 835 S.W.2d 136, 141–42 (Tex. App.—Dallas 1992, orig. proceeding) (denying mandamus relief where trial court's order was expressly based on an invalid reason but the record supported other valid bases for the order); *M.J.R.'s Fare of Dallas, Inc. v. Permit & License Appeal Bd. of Dallas*, 823 S.W.2d 327, 331 (Tex. App.—Dallas 1991, writ denied) ("We affirm the trial court's judgment if we can sustain it on any theory suggested by the pleadings and evidence and authorized by law.").

the decedent's death, and Ms. Wetzel did not apply for the family allowance until more than one year after the decedent's death. *See* ESTATES § 353.101.

Additionally, the trial court could have considered that Ms. Wetzel elected to sell the homestead prior to any request for or objection to a family allowance. *See id.* § 102.005 (prohibiting partition of homestead during lifetime of surviving spouse "for as long as the surviving spouse elects to use or occupy the property as a homestead"); *see also id.* § 102.005(1) (authorizing partition of homestead where surviving spouse sells interest in homestead). The trial court could also have considered that Ms. Wetzel made the decision to take money from her family in the form of borrowing against her mother's assets for the Glendora house. *See* FAM. § 3.001 (defining "separate property" as property acquired by spouse during marriage by gift). In all events, we conclude no abuse of discretion exists on this record.

Accordingly, we overrule Ms. Wetzel's second issue.

### CONCLUSION

We affirm the trial court's order.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

201104F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE: ESTATE OF DANIEL E.
WETZEL, DECEASED,

No. 05-20-01104-CV

On Appeal from the Probate Court
No. 1, Dallas County, Texas
Trial Court Cause No. PR-19-00223-
1.
Opinion delivered by Justice
Schenck. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Ann Michael recover her costs of this appeal from appellant Kari Wetzel.


Judgment entered this 21st day of April 2022.